## FAIRCHILD v. NATIONAL SURETY CO. et al.

### No. 2563.

Court of Civil Appeals of Texas. Beaumont.
Jan. 31, 1935.

Fairchild & Redditt and Jas. W. Peavy, all of Lufkin, and M. M. Feagin and Campbell, Murphy & Cochran, all of Livingston, for appellant.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, and T. S. Christopher and M. W. Burch, both of Austin, for appellees.

WALKER, Chief Justice.

By his first amended original petition, this was a suit by appellant, C. B. Fairchild, against Standifer Bros., and the individual members of the partnership, National Surety Company, and the state of Texas; National Surety Company was subsequently dismissed from the case. We take from one of appellant's briefs the following statement of the nature of his suit:

"The record in this case discloses that this is a suit brought by C. B. Fairchild for compensation alleged to be due to him for work performed upon a state highway of the State of Texas. The contract was originally entered into by and between the State Highway Department and a firm of contractors known as Specht & O'Neil. Specht & O'Neil furnished the surety bond required by the State Highway Department to insure the completion and performance of the work. This contract was duly executed by the National Surety Company as surety. After some controversy and prior to the completion of the work, Specht & O'Neil defaulted on the contract and the completion of the said contract was taken over by the National Surety Company. Thereafter, the National Surety Company entered into a contract with the firm of Standifer Brothers on terms agreed upon by and between them, whereby Standifer Brothers, for a stated consideration, agreed to complete the performance of the original contract.

"C. B. Fairchild, the plaintiff below, was a subcontractor under the firm of Standifer Brothers, and was engaged in moving dirt in the construction and maintenance of a state highway. After beginning the work, and before it had progressed very far, the plaintiff C. B. Fairchild discovered that certain rock excavations were necessary which was not provided for in his contract with Standifer Brothers.

"This was called to the attention of Standifer Brothers and they refused to assume any responsibility for the removal of this rock. Thereupon, C. B. Fairchild and Standifer Brothers called in Exline Martin, the Resident Engineer of the State Highway Department, having general supervisory control over the construction and maintenance of roads in Polk County, Texas.

"After some controversy, it was decided by and between the parties that the rock excavations were not provided for in the original contract and no liability rested upon Standifer Brothers to have the same removed.

"Thereupon, Exline Martin, acting in his capacity of Resident Engineer of the State Highway Department, entered into a separate contract with C. B. Fairchild for the removal of the rock and advised him that the State Highway Department would assume the responsibility for the removal of same.

"After the completion of the work, and after Fairchild had moved the rock, and under the compensation agreed upon, he was entitled to compensation from the State Highway Department of Eleven Thousand One Hundred Ninety ($11,190.00) Dollars. The State Highway Department denied liability and insisted that Standifer Brothers should assume the responsibility of paying Fairchild for his labor."

The state was made a party by virtue of House Concurrent Resolution No. 117 (Acts 1933, p. 1028), approved by the Governor on the 3d day of June, 1933, reading in part as follows:

"Resolved by the House of Representatives of the State of Texas, the Senate concurring, That the following named persons, to-wit: J. W. Sessions and C. B. Fairchild, their heirs and assigns, are hereby given permission to sue the State of Texas and its Highway Commission or join the State of Texas as a party defendant in the following cases now pending in the District Court of Polk County, Texas, styled J. W. Sessions vs. National Surety Company, et al, and C. B. Fairchild vs. National Surety Company, et al; and be it further

"Resolved that said suits may be filed in the District Court of Polk County, Texas, or the State of Texas may be made a party defendant in said suits at any time within two years from the date this Act takes effect and service of process upon the State of Texas may be had in serving the Attorney General of Texas * *".

All parties filed pleas of privilege, the state to be sued in Travis county, and Standifer Bros., as a partnership and individually, to be sued in Dimmitt county, which were controverted by appellant. On hearing, the pleas of Standifer Bros. were overruled, and the plea of the state sustained, and the entire cause ordered transferred to Travis county. Appellant has appealed from the order in favor of the state, and Standifer Bros. from the order against them. Because of the attack made by the Attorney General upon the constitutionality of House Concurrent Resolution No. 117, we certified these constitutional issues to the Supreme Court. After our certificate was filed with the Supreme Court, the Legislature passed, and the Governor approved, Senate Bill No. 10, passed at the Third Called Session of the 43d Legislature, and approved by the Governor on September 22, 1934 (General and Special Laws of the State of Texas, 43d Legislature, Third Called Session, c. 13, p. 27 [Vernon's Ann. Civ. St. art. 4351½]) reading in part as follows: "Section 1. That all concurrent resolutions heretofore adopted at any regular or special session of the legislature of the State of Texas for the purpose of granting to any persons, firms or corporations permission to sue the State of Texas through any of its courts, are hereby validated and made effective to grant such permission, both as to suits already filed and pending in the courts of this state and as to any suits which may hereafter be filed by virtue of the permission granted by such resolutions heretofore adopted. Provided, however, that nothing herein shall operate to create any cause of action against the State of Texas."

On the conclusion that Senate Bill No. 10 obviated the constitutional questions raised by the state against House Concurrent Resolution No. 117, we recalled our certificate and this case is now before us for disposition on all issues.

In addition to the constitutional questions, the state, in support of its judgment in favor of its plea of privilege, presents the proposition that House Concurrent Resolution No. 117 is insufficient to support the venue in Polk county. In Martin v. State, 75 S.W.(2d) 950, the El Paso Court of Civil Appeals overruled this contention, holding that a similar resolution was effective to confer venue in the county named in the resolution. We concur in this conclusion of the El Paso court. It follows that the lower court erred in sustaining the plea of privilege of the state and as to the state the judgment of the lower court is reversed and the cause remanded to Polk county for trial.

As against appellants Standifer Bros., the proof was that they were citizens of and resided in Dimmitt county when this suit was filed and continuously from that date, and that they had not at any time had their domicile in, or resided in, Polk county. To sustain his venue against these facts it was necessary for appellant, not only to plead by his controverting affidavit a cause of action over which the district court of Polk county had jurisdiction, under one of the exceptions to article 1995, which he did, but also to support his allegations by proof. Appellant predicated his cause of action upon a joint contract between him and the three defendants. The statement above, taken by us from his brief, shows clearly that appellant had no cause of action against these defendants, under the allegations of his pleadings. It follows that the judgment overruling the plea of privilege of Standifer Bros. must be reversed, and the cause remanded, with instructions that as to them the suit be transferred to the district court of Dimmitt county.