**TEXAS TECHNOLOGICAL COLLEGE,**
Appellant,

v.

**F. C. FRY, Appellee.**

Nos. 6573, 6583.

Court of Civil Appeals of Texas.
Amarillo.

Feb. 20, 1956.

Rehearing Denied March 19, 1956.

John Ben Shepperd, Atty. Gen., Billy E. Lee and Horace Wimberly, Asst. Attys. Gen., R. Briggs Irvin, Lubbock, for appellant.

Crenshaw & Griffith, Lubbock, for appellee.

PITTS, Chief Justice.

This appeal involves an order overruling a plea of privilege, followed by a subsequent judgment entered on the merits in a suit for damages in the sum of $570, from each of which actions on trial an appeal has been timely perfected to this court. Appellee, F. C. Fry, filed suit against appellant, Texas Technological College, an institution in the State of Texas, for alleged damages in the sum of $646 sustained by reason of appellant's breach of a personal service contract between the parties. Appellant sought, by a plea of privilege duly filed, to have the primary case transferred to Travis County, Texas, its alleged legal domicile. Appellee timely filed his controverting affidavit. The venue issues were heard by the trial court without a jury when appellant's plea of privilege was overruled and, appellant contends, improperly so.

This case was previously before this court on appeal as is reported in 278 S.W.

2d 480. This court there held that a judgment for damages, if any, recovered by appellee in a suit such as this would necessarily be a suit against the State, for which reason such a suit could not be maintained against appellant without appellee having first obtained legislative permission or consent to bring such a suit. Such consent had not been previously obtained by appellee in that case for which reason the cause of action was ordered dismissed.

■ Thereafter, the 54th Texas Legislature, through House Concurrent Resolution No. 17, granted appellee permission and gave him authority "to institute a suit against Texas Technological College, an institution of the State of Texas, in a court of competent jurisdiction in Lubbock County, Texas, in order to determine the validity of his claim. * * *" Such Resolution was adopted by the House on February 3, 1955, by the Senate on April 28, 1955, approved May 11, 1955, and filed with the Secretary of State on May 13, 1955, as shown on Page 1723 of General and Special Laws passed by the 54th State Legislature. As a result of such consent of the State first having been obtained by appellee, he again, on June 15, 1955, filed his suit in the County Court of Lubbock County, Texas, in accordance with the legislative permission obtained, which court we believe had venue of the case, for which reason appellant's point of error to the contrary is overruled. State of Texas v. Isbell, 127 Tex. 399, 94 S.W.2d 423, which case cites with approval the opinion of the court in the case of Martin v. State, Tex. Civ.App., 75 S.W.2d 950. We also cite the case of Fairchild v. National Surety Co., Tex.Civ.App., 79 S.W.2d 162.

In the appeal on the merits, the record reveals that appellee was employed by appellant under a written contract as a swine herdsman for a term of one year beginning on September 1, 1952, and extending until August 31, 1953, at a yearly salary of $2,-100, plus a house, utilities and milk, furnished appellee by appellant. Appellee had previously been so employed by appellant under a yearly written contract since 1949, and had so worked as a swine herdsman at Texas Technological College in Lubbock County, Texas. By a letter mailed and duly received, appellant without good cause terminated appellee's employment as of June 30, 1953, two months before the expiration date of the contract of employment, which resulted in the filing of this suit by appellee seeking damages in the sum of $350 because of unpaid salary for two months, $90 per month for house rent and utilities for two months, making a total of $180, $20 per month for two months for milk to be furnished him by appellant, making a total of $40, and $76 for expenses incurred by appellee in moving his family to Campbell, Hunt County, Texas, making a grand total of $646 appellee sought in damages. Appellant joined issues with appellee and likewise sought an off-set, in case of judgment against it, for any sums of money appellee received as a remuneration for employment otherwise during the months of July and August, 1953, the same being the two remaining months of his contract after its termination.

The case on its merits was tried to the court without a jury on August 9, 1955, the same day the venue issues had been heard, as a result of which appellee was awarded judgment for the sum of $570, the same being allowed for his two months salary, house rent, utilities and milk claimed, without allowing any off-set to appellant for remunerations received by appellee for his employment during July and August of 1953. Appellee's claim of $76 for moving his family to Campbell, Texas, was not allowed by the trial court, about which appellee has not here complained by a counterpoint.

In its brief filed in this court on September 29, 1955, appellant concedes that there was evidence to support the trial court's finding and conclusion of a breach of contract by appellant and that "Defendant will acquiesce in the trial court's ruling on that point." Appellant there presents its appeal upon one single point of error complaining because the trial court refused to allow an off-set for the sums of money earned by appellee during the months of July and August of 1953, the same being the remaining

months after termination of the contract in question.

On January 23, 1956, a new and different Assistant Attorney General, other than the Assistant Attorney General who tried the case, both on the venue issues and the merits, and filed the original brief herein, filed with the Clerk of this Court what he denominates as "Appellant's Supplemental Brief on the Merits," seeking to have considered appellant's "Point of Error No. Two" challenging the trial court's judgment on the merits and contending that such "is not sustained by competent evidence." Such a contention there made is contrary to the record and inconsistent with the admissions made by appellant in its original brief filed by the Assistant Attorney General who tried the case as is previously herein shown. The said supplemental brief was filed in this court five months after judgment was rendered by the trial court on the merits and four months after appellant filed its original brief, which is not in keeping with the rules governing such a matter. The supplemental brief is being tendered by an attorney, who, according to the record, had nothing to do with the original trial or the preparation of the original brief filed by appellant in this court. Such was filed in this court by counsel without first obtaining leave of this court to file it. Appellee has filed a motion to strike appellant's said supplemental brief, which motion to strike we believe is good and it is hereby sustained. This court has authority to permit the filing of a supplemental brief "when justice requires upon such reasonable terms as the court may prescribe." Rule 431, Texas Rules of Civil Procedure. Under the circumstances shown and for all of the reasons stated, it is our opinion that appellant's supplemental brief should be stricken and it is so ordered.

The only remaining question to be determined is whether or not appellant is entitled to an off-set in any sum on the trial court's judgment as claimed by it in its only point of error presented in its original brief filed. Appellee testified that he moved from appellant's premises on July 1,

1953, and went to work on a farm; for his uncle in Hunt County, Texas, where he worked during the month of July, 1953; that he so worked four weeks in July for his uncle, who paid him $40 per week, making a total of $160 appellee received for his labor during July of 1953. Appellee gave further testimony about labor he performed for the Tempco Aircraft Corporation from August through October, 1953, but his testimony concerning any wages he may have earned and received during the month of August, 1953, was too indefinite to support a judgment for an off-set for his August wages. This phase of the trial and appellant's claim for an off-set developed during the trial of the case on its merits on August 9, 1955, when appellant was permitted to file a trial amendment in support of its claim for an off-set in mitigation of the damages, if any. No such claim had been made by appellant when appellee left his home in Hunt County to attend the trial in Lubbock. Any records appellee may have had showing his wages for labor performed in August of 1953, two years prior to the date he testified at the trial, were in Hunt County and were not available at the trial. Appellee testified only from memory and his testimony concerning any wages he may have received during the month of August, two years previous thereto, was too uncertain and too speculative to support a judgment therefor as an off-set. The burden was upon appellant to establish by competent evidence any off-set claimed by it and it failed to satisfactorily discharge that burden concerning any of appellee's wages he may have received for August, 1953. In our opinion, appellant did satisfactorily establish an off-set of $160 for appellee's wages received during July of 1953 by appellee's own testimony. In our opinion, appellant is entitled to an off-set of $160 to be deducted from the trial court's judgment. Smith v. Hamilton, Tex. Civ.App., 237 S.W.2d 774; Kennon v. Schlesinger, Tex.Civ.App., 182 S.W.2d 373; Kramer v. Wolf Cigar Stores Co., 99 Tex. 597, 91 S.W. 775, 777.

For the reasons stated, we do hereby reform the judgment of the trial court by al-

lowing appellant an off-set of $160, thus deducting such sum from the trial court's judgment for $570, leaving a balance of $410, for which sum and only such sum of $410 the trial court's judgment is affirmed after reforming it accordingly. Reformed and affirmed.