**MAIN BANK OF HOUSTON, Appellant,**

v.

**DAVY CROCKETT INN OF NEW BRAUNFELS, INC., Appellee.**

No. 12335.

Court of Civil Appeals of Texas, Austin.

Dec. 10, 1975.

Melvin R. Wilcox, III, Baer, Cryan, Keen, Tubb & Wilcox, Houston, for appellant.

Edward Woolery-Price, Dibrell, Dotson & Dibrell, San Antonio, for appellee.

PHILLIPS, Chief Justice.

This is a venue case. Appellee Davy Crockett Inn of New Braunfels, Inc.,

brought suit in Comal County against the First National Bank of New Braunfels and the Main Bank of Houston, contending that a $26,000 cashier's check the Inn had purchased from the New Braunfels bank had been negligently paid by that bank without the endorsement of the payees, thereby causing the Inn to lose the funds.

The Main Bank of Houston filed a plea of privilege to be sued in Harris County, Texas. The Inn opposed the plea of privilege, relying upon subdivisions 4, 5, and 9a of Tex.Rev.Civ.Stat.Ann. art. 1995. After a hearing, the trial court overruled the plea of privilege and the Main Bank brought this appeal.

We reverse the judgment and remand the cause with instructions.

The controversy from which this suit arose began in 1970, when the appellee Inn was seeking investors. Appellee purchased the cashier's check in question, naming as joint payees "Investments Universal, Inc., Escrow, and Tay Bond." Tay Bond, appellee's agent, was to endorse the check only after appellee secured a funding commitment from Investments Universal, Inc. Although the funding commitment was never made, the check, bearing no endorsement, came into the possession of the Main Bank of Houston, which forwarded it to the New Braunfels bank for payment. The New Braunfels bank returned the check to the Main Bank with the notation "payees endorsement missing." Main Bank then stamped the check "credited to account of within named payee, absence of endorsement guaranteed," and again sent the check to New Braunfels, where it was paid.

Later appellee brought suit, sounding in negligence, against both banks, and this appeal resulted.

Appellant is before us on three points of error which we sustain, contending that there is no evidence to support the holding of the trial court that venue can be maintained in Comal County under either subdivisions 4, 5 or 9a of Tex.Rev.Civ.Stat.Ann. art. 1995.

In order to come under the exception of subdivision 4 of Tex.Rev.Civ.Stat. Ann. art. 1995 where two or more defendants reside in different counties, appellee must prove at the venue hearing that: (1) at least one defendant resides in the county of suit, (2) the party asserting his plea of privilege is at least a proper party to the claim against the resident defendant, and (3) appellee has a bona fide claim against the resident defendant.

Appellee cannot rely on subdivision 4 of Article 1995 because it has failed to prove a bona fide cause of action in negligence against the bank located in New Braunfels. Although appellee alleges in its petition that this appellant was somehow negligent, it failed to make proof of a *prima facie* case of negligence at the hearing on the plea. *Houston Sash & Door Company, Inc. v. Davidson,* 509 S.W.2d 690 (Tex. Civ.App.1974, writ ref'd n.r.e.). Appellee's pleading, standing alone, does not establish negligence. *Locke v. Brenneman,* 459 S.W.2d 871 (Tex.Civ.App.1970, no writ).

The First National Bank of New Braunfels was fully within its rights in cashing the check upon receiving it from appellant with a guaranteed endorsement stamped thereon. Tex.Bus. & Comm.Code Ann. § 4.205 (1968) provides: "(a) A depositary bank which has taken an item for collection may supply any indorsement of the customer which is necessary to title unless the item contains the words 'payee's indorsement required' or the like. In the absence of such a requirement a statement placed on the item by the depositary bank to the effect that the item was deposited by a customer or credited to his account is *effective as the customer's indorsement.*" (Emphasis added).

We also overrule appellee's contention that subdivision 5 of Article 1995 is applicable here. Subdivision 5 is as follows: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such

county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." Appellee contends that because under subdivision 5 venue is proper in Comal County by proof of a contract with the New Braunfels bank, venue also lies in Comal County by subdivision 4 for a negligence claim against the Main Bank of Houston, a resident of Harris County.

 Under the facts of this case, appellee cannot rely on such an interplay between subdivisions 4 and 5 to establish venue in Comal County for Main Bank of Houston. In order to establish venue under subdivision 5 against a non-resident defendant, the action against the non-resident defendant and the resident defendant must be joint and several, and must be an action of the same nature against both defendants. Appellee cannot defeat the right of Main Bank to be sued in the county of its residence by bringing suit in contract against the First National Bank of New Braunfels, and joining Main Bank under allegations of negligence. *Citizens' National Bank of Abilene v. Overstreet,* 46 S.W.2d 409 (Tex.Civ. App.1931, writ ref'd); *Dillon v. Binyon-O'Keefe Fireproof Storage Co.,* 119 S.W.2d 416 (Tex.Civ.App.1938, no writ); *Fox v. Cone,* 118 Tex. 212, 13 S.W.2d 65, 66–67 (Tex.Com.App.1929, opinion adopted); 1 McDonald, Texas Civil Practice, § 4.10.2 (1965 Rev.).

 Finally, we hold that venue in Comal County was not established for the Main Bank of Houston under subdivision 9a. That subdivision states that a suit for negligence may be brought in the county where the act or omission of negligence occurred. Appellee has introduced no evidence of any negligent act or omission by the Main Bank of Houston occurring in Comal County. It is clear that venue lies under subdivision 9a in the county where the negligent act or omission, not the harm, occurs. *Leonard v. Abbott,* 366 S.W.2d 925 (Tex.1963).

The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to enter an order transferring the action against Main Bank of Houston to district court in Harris County.

Reversed and remanded with instructions.

SHANNON, Justice (concurring).

Venue may not be sustained in Comal County under subdivision 5(a), Tex.Rev.Civ. Stat.Ann. art. 1995, for the following reason.

Subdivision 5(a) provides as follows:

"5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The venue facts under subdivision 5(a) are: (1) that the defendant is a party reached by the statute; (2) that the claim is based on a written contract; (3) that the contract was entered into by the defendant or by one authorized to bind him, or was assumed or ratified by him; and (4) that the contract by its terms provides for performance of the obligation sued on in the county of suit. 1 McDonald, Texas Civil Practice, § 4.11.1 (1965 Rev.).

Appellee did not incorporate its trial petition, or any of the allegations of the petition, in its controverting plea. Instead, appellee set out the following paragraph in its controverting plea in an effort to show that the case came within subdivision 5(a):

"Davy Crockett Inn of New Braunfels, Inc., Plaintiff herein, would also respectfully show this Court that the transaction out of which this cause of action arose was to be performed in New Braunfels, Comal County, Texas, at the place of

business of the Defendant, First National Bank of New Braunfels, Texas, thereby placing venue in the said Comal County under Exception 5, Article 1995 of the Civil Statutes of the State of Texas."

Texas R.Civ.P. 86 requires that the controverting plea set out specifically the grounds relied upon to confer venue of the case in the court where the case is pending. The controverting plea constitutes the pleading of the plaintiff on the issue of venue, and that plea must allege all the facts that are necessary to be proved to sustain the venue in the court where the suit was filed. *A. H. Belo Corporation v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939). As may be seen, appellee in its controverting plea did not allege facts showing that Main Bank of Houston, in any capacity, contracted in writing to perform any obligation in Comal County.