William **LEINERT**, Independent Executor of the Estate of Jessie M. Hagedorn, Deceased, Appellant,

v.

**SABINE NATIONAL BANK, Appellee.**

No. 7855.

Court of Civil Appeals of Texas, Beaumont.

Sept. 16, 1976.

Rehearing Denied Oct. 7, 1976.

H. J. Bernard, Houston, for appellant.

James M. Black, Port Arthur, for appellee.

KEITH, Justice.

The summary judgment below denied plaintiff any recovery in his suit against the defendant bank for the loss of the proceeds of a check. While we review an incomplete factual record consisting solely of answers to requests for admission of facts and interrogatories, there is little, if any, dispute between the parties.

■ However, we encounter a procedural problem at the threshold which requires attention before we reach the merits of the appeal. Plaintiff below, our appellant, filed his brief on May 27, 1976, and it contained a section entitled "Statement of the Points Relied Upon" followed by two "statements" which are set out in the margin.[1] On June 18, defendant bank filed its reply brief. Then, without any request having been made to this court for permission, plaintiff filed, on July 1, 1976, what is denominated as his "amended brief." This is much more elaborate than his original brief and contains eight "statements" similar to those which appeared in his original brief.

The only authority known to us authorizing the filing of amended briefs is that set forth in Tex.R.Civ.P. 431[2] and it is obvious that leave of the court must first be obtained to file such brief; and, such leave will be granted only "when justice requires," and then the permission to file will be "upon such reasonable terms as the court may prescribe."

The plaintiff has not brought himself within the terms of the rule authorizing the filing of the amended brief; and, under the circumstances shown, it is our opinion that plaintiff's amended brief should be stricken and it is so ordered. See and compare *Texas Technological College v. Fry,* 288 S.W.2d 799, 801 (Tex.Civ.App.—Amarillo 1956, no writ).

■ When we return to a consideration of the merits of the appeal as presented in the original brief, we find that Guaranty National Bank in Houston issued its cashier's check in the amount of $4,055 payable "to the order of Sabine National Bank and Jessie M. Hagedorn or Dolores K. Ward," the check bearing the date of October 26, 1974. On or about the 31st day of October the check was credited to Account No. 031–757–1 in the defendant bank and it was shown that only Sharon J. Lee *or* Jessie M. Hagedorn were authorized to make withdrawals from said account.[3]

A photocopy of the reverse side of the check discloses that the check was accepted by the defendant bank without any type of indorsement having been placed thereon by any of the payees, the only indorsement

1. "1. Appellee acted without authority and contrary to its obligations to Jessie M. Hagedorn in depositing without endorsement $4,055.00 cashier's check in Checking Account No. 031–757–1.

"2. Appellee acted without authority and contrary to its obligations to Jessie M. Hagedorn in permitting Jackie Lee to withdraw the $4,055.00 which had been deposited in Checking Account No. 031–757–1."

2. The pertinent part of the rule reads: "Briefs may be amended or supplemented at any time when justice requires upon such reasonable terms as the court may prescribe . . . ."

3. This account was carried on the bank records as "Sharon J. Lee or Jessie M. Hagedorn." However, the handwritten signatures on the signature card were those of "Jackie Lee" and Jessie M. Hagedorn.

being the regular stamped bank indorsement wherein it was sent to Guaranty Bank for payment.

On November 1, *Jackie* Lee signed a check upon Account No. 031–757–1 for the sum of $4,055 and deposited it into Account No. 031–553–6, an account in the name of "Jackie Lee or Larry Lee." Defendant did not have specific authority, either oral or written, to make the deposit of the Guaranty check without requiring indorsement thereof by the payees. And, defendant admitted that the entire transaction was handled without the supervision or participation of any officer or director of the bank.

The parties have filed a stipulation to which is attached a photocopy of the signature card controlling Account No. 031–757–1 (the joint account of Sharon J. Lee and Jessie M. Hagedorn into which the Guaranty check was deposited) and the card shows that the defendant bank was authorized to honor withdrawals from said account upon checks signed by "Jackie Lee." Furthermore, the parties have stipulated that Sharon J. Lee and Jackie Lee are the same person. Neither party attempts to explain the relationship of Dolores K. Ward to the transaction.

Both sides moved for a summary judgment upon the pleadings, requests, interrogatories, and admissions. Defendant's motion was granted and that of plaintiff denied and plaintiff has appealed.

The parties have not cited us case law upon the narrow point under consideration and we have not found any precisely in point in the course of our own research. However, under the peculiar record which we review, we are of the opinion that plaintiff may not prevail. The defendant bank was one of the joint payees (along with Jessie Hagedorn) of the check. Under the statutes noted later, the bank *and* Hagedorn could negotiate the check *or* the other

payee, Dolores K. Ward, could negotiate it alone.

The bank's indorsement is upon the check; the proceeds went into an account of the other payee; thus, we conclude that its indorsement was sufficient. Tex.Bus. & Comm.Code Ann. § 4.205 (Tex.U.C.C.1968).

The defendant bank relies upon the first subsection of Tex.Rev.Civ.Stat.Ann. art. 342–706 (1973) reading: "A bank may pay a present or future deposit, payable to or on the order of (a) any one of two or more persons . . . ." We note that this statute is compatible with the provisions of the Uniform Commercial Code, Tex.Bus. & Comm.Code Ann. § 3.116 (1968), reading:

"An instrument payable to the order of two or more persons

(1) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it; . ."

The provision in the Banking Code (Tex. Rev.Civ.Stat.Ann. art. 342–706) is also consistent with subdivision (a) of the Uniform Commercial Code, Tex.Bus. & Comm.Code Ann. § 4.205, quoted in the margin.[4] See *Main Bank of Houston v. Davy Crockett Inn, Etc.*, 531 S.W.2d 388, 390 (Tex.Civ.App. —Austin 1975, no writ).

We agree with the major premise of plaintiff which is stated in this manner:

"When a bank account is in the names of A and B, funds therein are the joint property of A and B who are considered to be joint tenants in the absence of evidence of a contrary intent known to the bank. [9] C.J.S. Banks and Banking § 286, p. 595 [1938]. On the other hand, it is well established that a checking account in the names of A or B enables either party to exercise total control over it; either A or B can draw a check on said account to the same extent as if it were A's or B's separate account."

4. "(a) A depository bank which has taken an item for collection may supply any indorsement of the customer which is necessary to title unless the item contains the words 'payee's indorsement required' or the like. In the absence of such a requirement a statement placed on the item by the depository bank to the effect that the item was deposited by a customer or credited to his account is effective as the customer's indorsement."

We disagree, however, with plaintiff's claim that "it was improper" for the bank to deposit the check into the joint account. Plaintiff cites no authority for the contention so advanced and we find none which would lead us to uphold it.

Contrary to the position now taken by plaintiff, it was held in *Danner v. McMahan,* 490 S.W.2d 213, 217 (Tex.Civ.App.— Amarillo 1973, writ ref'd n. r. e.):

> "[U]nder the Banking Code's renumbered art. 342–706, V.A.C.S., until it is served with court process, a bank may pay to the survivor without liability, and under the rationale of *Krueger v. Williams,* 163 Tex. 545, 359 S.W.2d 48 (1962), a party with survivorship rights is entitled to receive as the owner, joint 'or' deposits after the death of the other joint owner."

The joint owner, in this case, withdrew the funds from the "or" account during the lifetime of the other owner of the funds. This was authorized by *Art. 342–706* ; and, plaintiff-executor has no cause of action against the defendant bank because it paid the check drawn by the joint owner of the account.

While the procedures employed by the defendant bank in handling this transaction are not to be commended to the industry as standard operating procedures, from our review of the contentions of the plaintiff and the authorities, we do not find error; consequently, the judgment of the trial court is affirmed.

STEPHENSON, J., not participating.