

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 14, 1977

The Honorable Ron Jackson
Executive Director
Texas Youth Council
P. O. Box 9999
Austin, Texas   78766

Opinion No. H-955

Re:  Voting privileges
and term of office of
chairman of Texas Youth
Council.

Dear Mr. Jackson:

You have requested our opinion on the following questions:

1.   May the Texas Youth Council limit
or restrict in any way the voting
privileges of the presiding officer
who has been selected by the Board?

2.   Did the Texas Youth Council in its
election of a presiding officer on
November 20, 1975, elect that officer
for a specific term of years where no
reference was made to specific term of
years at the time of her election?

3.   In the event that your answer to
question number 2 is that such term is for
a specific term of years more than one
year, may the Texas Youth Council Board by
simple majority of a quorum alter the term
of its presiding officer after the election
of such presiding officer?

4.   May the Texas Youth Council at this
time adopt rules or by-laws which have the
effect of limiting the next chairman to a
one year term with the qualification that
such chairman may be reelected for an
additional one year term and that an
individual serving as chairman may not
serve more than two successive one year
terms?

The Texas Youth Council is created by article 5143d, V.T.C.S., to administer the State's correctional facilities for delinquent children and to provide programs of rehabilitation. The Council consists of six members appointed by the Governor with the consent of the Senate. Id. § 4(a). The chairman of the Council is a member of that body, and is elected chairman by its members. Id. §§ 4(d), 5. As a member of the Council, the chairman is entitled to vote on matters before that body. Herring v. City of Mexia, 290 S.W. 792 (Tex. Civ. App. -- Waco 1926, writ ref'd); Attorney General Opinions WW-620 (1959); O-1716 (1939). The Council may not limit or restrict the voting privileges of its chairman.

The term of the chairman of the Texas Youth Council is not set by statute. You have provided us with a copy of the minutes of the May 29, 1959, meeting of the Youth Council. That document records the actions of the Council on that date, including the following:

> The motion was made, seconded and unanimously carried that a Chairman be elected in accordance with the provisions of Article 5143d, Section 4(a) and Section 5(a) -- the term of office to be for a two year period after which the office of Chairman will be rotated in a manner similar to that used by some other state boards and agencies. This action was taken to provide a replacement in the office of Chairman which was vacated by the resignation of Mr. Frank M. Wilson.
>
> The motion was made, seconded and unanimously carried that Mr. W. C. Windsor, Jr. be elected Chairman for a two year period beginning this date.

You indicate that this represents the most recent formal action of the Council relative to the term of office of its chairman. More recent minutes indicate, however, that the biennial election of a chairman has occurred at various times within odd-numbered years. The current chairman was elected on November 20, 1975.

The duration of various terms of office was discussed at length in Attorney General Opinion M-338 (1969). That opinion stated general rules for determining the commencement date for terms of office in the absence of legislation:

> (1)  In situations where the enactment creating boards, agencies, commissions and committees provides for a multi-member board with staggered terms of office, it appears that the legislature, in the absence of anything to the contrary, intended that the commencement date of the term of office of such appointive positions will be the effective date of the enactment creating such position. This was so held in Attorney General's Opinion No. M-296 (1968) and that Opinion is reaffirmed in this connection.
>
> (2)  In instances where the enactment creates a single position and does not provide for a definite beginning date for the commencement of the term of office, the term begins on the date of appointment of the initial appointee to such position, and thereafter such date will govern the commencement date of subsequent terms of office in such position. Id. at 11.

In the absence of  Board action establishing a definite term, we believe that the chairmanship of the Council is subject to the second rule stated above. Accordingly, the commencement date of the term of office of the chairman is May 29. It is our opinion that the term of the present chairman will run until the commencement of the next term, on May 29, 1977. While the present chairman did not assume that position until November 1975, the term which she is serving began on May 29, 1975.

> In order to avoid confusion, a clear distinction must be made between the phrase, "term of office " and an individual's tenure of office. The period of time designated as a term of office may not and often does not coincide with an individual's tenure of office. Spears v. Davis, 398 S.W.2d 921, 926 (Tex. 1966).

Your third and fourth questions inquire whether the Council may reduce the term of its presiding officer, and whether such a change may apply to the term of the present chairman. We believe that, <u>absent legislative direction,</u> the Council may reduce the term of its chairman, and may restrict the number of successive terms an individual may serve as chairman. See <u>Kennon v. Schlesinger,</u> 182 S.W.2d 373 (Tex. Civ. App. -- San Antonio 1944, writ ref'd w.o.m.). We likewise believe the Council, absent legislative direction, may make any reduction of the term of chairman applicable to the current term. <u>Popham v. Patterson,</u> 51 S.W.2d 680 (Tex. 1932); <u>McInery v. City of Galveston,</u> 58 Tex. 334 (1883); <u>Kennon v. Schlesinger, supra; Lanza v. Wagner,</u> 183 N.E.2d 670 (N.Y. Ct. App. 1962).

> [T]he legislative power of a State, except so far as restrained by its own constitution, is at all times absolute with respect to all offices within its reach. It may at pleasure create or abolish them, or modify their duties. It may also shorten or lengthen the term of service. <u>Higginbotham v. City of Baton Rouge,</u> 306 U.S. 535, 538 (1939), quoting <u>Newton v. Commissioners,</u> 100 U.S. 548, 559 (1879).

The term of the chairman of the Texas Youth Council is not set by the Constitution, <u>cf. McGuire v. Hughes,</u> 452 S.W.2d 29 (Tex. Civ. App. -- Dallas 1970, no writ); Attorney General Opinions H-564 (1975); H-220 (1974), nor by statute. Rather, the term was set by resolution of the Council itself, and the Council may now alter the term it has previously set by a similar resolution of equal solemnity and effect. <u>Kennon v. Schlesinger, supra.</u>

## S U M M A R Y

> The chairman of the Texas Youth Council is a member of the Council entitled to vote on matters before the body, and the Council may not limit or restrict the voting privileges of the chairman. The Council has heretofore set

the term of office of its chairman at two years, commencing on May 29 of odd-numbered years, and may likewise reduce the chairman's term of office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb