In the Matter of Norval S. Goodell, Petitioner, against Patrick J. Walsh, as Fire Commissioner of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 20, 1945.

*Malcolm J. Hartsell* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (W. Bernard Richland* and *Pauline K. Berger* of counsel), for respondents.

COHALAN, J. Petitioner seeks an order under the provisions of article 78 of the Civil Practice Act to compel respondents, the Board of Trustees of the New York City Fire Department Pension Fund, to make payment to him of certain pension avails in the sum of $2,666 allegedly wrongfully withheld by respondents during the period of his employment as a member of the United States Maritime Service from September 9, 1942, to May 31, 1945.

There exists no dispute with respect to the facts.

After approximately twenty-six years of satisfactory service as a member of the uniformed fire forces of the City of New York, petitioner was retired therefrom, effective as of September 1, 1942, at an annual pension fixed in the sum of $1,600. Upon his enrollment as a member of the United States Maritime Service on September 9, 1942, respondents suspended payment of the pension for the duration of his employment, on the ground that such service constituted employment by an agency of the Federal Government within the meaning of section 897 of the New York City Charter (1938). Petitioner disagrees and asserts that service in the United States Maritime Service constitutes service in the " armed forces of the United States ", within the meaning of the exception contained in section 897 of the Charter, and, further, that the enactment of the amendments to section 246 of the Military Law superseded section 897 of the Charter and thereby prevented forfeiture of petitioner's pension rights during the term of such service.

Both contentions are untenable and must be disapproved. The United States Maritime Service finds its origin in the United States Merchant Marine Act, 1936 (U. S. Code, tit. 46, § 1101 *et seq.*), which provides for the creation and maintenance of a voluntary organization for the purpose of training citizens of the United States for service as licensed and unlicensed personnel on American vessels. It is maintained by the United States War Shipping Administration (Executive Order No. 9198; Code of Fed. Reg., Cum. Supp., tit. 3, p. 1184), which is an agency established by Executive Order " within the Office for Emergency Management of the Executive Office of the President " (Executive Order No. 9054; Code of Fed. Reg., Cum. Supp., tit. 3, p. 1086). Its functions and services are exclusively civilian in nature and are paid for with Government

funds. Enrollment in the service is purely voluntary and severance therefrom by an enrollee is entirely at will. Since it can in no wise be considered as part of the air, land or naval branches constituting our armed forces, as contemplated in section 897 of the Charter, petitioner's contention in this respect is overruled.

Neither can he find comfort in his second claim that section 246 of the Military Law superseded section 897 of the New York City Charter and thereby prevented a forfeiture of his pension payments. The pertinent portions of the Military Law read as follows: subdivision 2 of section 246 grants to every *public employee* a leave of absence *from his position* for the period that he is engaged in the performance of military duty. Subdivision 5 of section 246 preserves his right to reinstatement after the termination of his military duty and prohibits his *being prejudiced in any manner with reference to promotion, transfer, reinstatement or continuance in office.* A public employee's rights and privileges with respect to membership in a pension system are provided for in subdivision 4 of section 246 as follows: " Any public employee who is a member of any pension or retirement system may elect, while on military duty, to contribute to such pension or retirement system the amount which he would have contributed had his employment been continuous and upon making such contribution he shall have the same rights in respect to membership in the retirement system as he would have had if he had been present and continuously engaged in the performance of the duties of his position.''

Prior to 1944, the term '' military duty '' as used in paragraph (b) of subdivision 1 of section 246 did not include service in the United States Maritime Service. However, in 1944 and 1945 the definition of '' military duty '' as used therein was amended to read as follows: '' The term ' military duty ' shall mean military service in the military, naval, aviation or marine service of the United States subsequent to July first, nineteen hundred forty  *  *  *  or service in the merchant marine which shall consist of service as an officer or member of the crew on or in connection with a vessel documented under the laws of the United States or a vessel owned by, chartered to, or operated by or for the account or use of the government of the United States, or as an enrollee in the United States maritime service on active duty  *  *  *.'' (L. 1944, ch. 762, as amd. by L. 1945, ch. 397.)

Petitioner's reasoning that the 1944 and 1945 amendments to section 246 of the Military Law, bringing members of the Maritime Service within its benefits, resulted in an implied partial repeal of section 897 of the New York City Charter is without merit, as is also his claim to benefits under such amendments. Since subdivision 4 of section 246 of the Military Law by its terms is applicable only to a " public employee who is a member of any pension or retirement system ", it may not be availed of by petitioner, who ceased to be such a member on September 1, 1942, the effective date of his retirement (*Matter of Pierne* v. *Valentine*, 291 N. Y. 333), and, inasmuch as the provisions of the same section confer upon a " public employee " on military duty no greater rights with respect to membership in a retirement system than he already possessed had he been present and continuously engaged in the performance of the duties of his position, but merely safeguards such rights only to the point of retirement, there exists no such inconsistency between the two statutes as could amount to partial repeal, as contended by petitioner, since such an employee, upon electing to retire, would still be compelled to accept his retirement subject to the provisions of section 897 of the New York City Charter.

The motion is denied and the petition ordered dismissed.