In the Matter of DAVID A. FAY, Petitioner, against WILLIAM P. O'BRIEN, as Police Commissioner of the City of New York and Chairman of the Board of Trustees of the Police Pension Fund of the City of New York, et al., Respondents.

Supreme Court, Special Term, Queens County, August 5, 1949.

*David A. Fay,* petitioner in person.

*John P. McGrath, Corporation Counsel (Albert Cooper* of counsel), for respondents.

DALY, J. The petitioner became a member of the police department of the city of New York on March 26, 1924. He retired on November 10, 1946, upon his own application, and was granted by the trustees of the police pension fund of the city of New York an annual pension of $2,175, payable in monthly installments of $181.25. On the date of his retirement, he entered the employ of the United States Government, as a civilian adviser to the War Department, at a salary of $5,905.50 per annum. This salary was increased from time to time, until petitioner was receiving $9,288 per annum, at the time he left such employment on October 31, 1948. During this entire period he continued to receive his pension checks from the city totaling $4,292.60. Contending that under section 897 of the New York City Charter petitioner had no right to such pension payments during the time he was a civilian employee of the United States Government, the city has, since January 31, 1949, withheld his monthly pension payments, and will continue to do so as an offset, until the total pension payments received by petitioner during the period of his employment by the United States Government have been repaid.

This proceeding, under article 78 of the Civil Practice Act, has been instituted by the petitioner for the purpose of directing the respondents to pay the pension payments already withheld, and to compel the continuance of all monthly pension payments as they become due, and to restrain the respondents from " making any execution, garnishment, attachment or any other process whatsoever upon the pension due to the petitioner."

There is no question that, with certain exceptions, not material here, section 897 of the New York City Charter authorizes the suspension and forfeiture of any pension or retirement allowance from the city or any agency or out of any fund under the city or any agency, during and for the time that a pensioner holds civilian office, position or employment and receives compensation therefrom " under the government of the United States, or of the state or city or any of the counties included within the city or any municipal corporation or political subdivision of the state ". It is to be noted that this provision does not bar a pensioner from *employment* in any of the governmental agencies therein set forth; such employment

merely results in the forfeiture of the *pension for the duration of such employment.*

Provisions of this character are not novel (see 3 McQuillin on Municipal Corporations [3d ed.], § 12.159, p. 553). Section 1560 of the old New York City charter had a provision which was limited, however, to employment by the State and city. Its constitutionality was sustained by the Court of Appeals in *Jones* v. *Valentine* (276 N. Y. 585), when the section was attacked as '' an arbitrary and unreasonable restriction of plaintiff's liberty; an arbitrary and unreasonable discrimination against plaintiff; a taking of plaintiff's property without due process of law, and a denial to the plaintiff of the equal protection of the law under the Constitution of the State of New York and the Constitution of the United States '', and in *Cox* v. *McElligott* (276 N. Y. 604), where it was attacked as '' an arbitrary and unreasonable discrimination against plaintiff, a denial of plaintiff's civil rights, a taking of plaintiff's property without due process of law, and a denial to plaintiff of the equal protection of the law, contrary to the provisions of the Constitution of the State of New York and of the Constitution of the United States.''

Section 897 of the present charter, which became effective on January 1, 1938, supplanted section 1560 of the old charter, and extended forfeiture to periods of civil employment by the United States Government. Its validity was directly upheld in *Matter of Goodell* v. *Walsh* (185 Misc. 897), and by implication in *Breithut* v. *Teachers' Retirement Bd. of City of N. Y.* (296 N. Y. 1031). A municipal corporation has the right to prescribe the conditions upon which a pension shall be forfeited and its provisions are binding upon the pensioner long before his right to a pension becomes vested (*Jones* v. *Valentine,* 164 Misc. 443, 444, affd. 276 N. Y. 585; see, also, 162 A. L. R. 1469). The conditions prescribed by section 897 of the charter were in force on July 1, 1940, when petitioner's right to a pension became contractual, as well as the time when he applied for a pension. He retired subject to such conditions, and is bound thereby.

The petition must, accordingly, be denied, since the city is entitled to reimbursement for the total pension payments received by the petitioner during the period of his employment by a civil branch of the United States Government.

Settle order on notice.