In the Matter of WILLIAM F. O'BRIEN, Petitioner, against JOSEPH A. McNAMARA et al., as Commissioners of the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, April 5, 1950.

*Otto Gottlieb* for petitioner.

*John P. McGrath, Corporation Counsel* (*Albert Cooper* of counsel), for respondents.

DINEEN, J. This is an application for an order to review the determination of the municipal civil service commission in refusing to accept petitioner's claim for a veteran's preference and for failure to prefer his name on the list for patrolman in the police department of the City of New York. Petitioner alleges that he is entitled to such preference by reason of his being in the United States Maritime Service from November, 1942, to November, 1944.

Section 6 of article V of the Constitution of the State of New York, as amended and approved, provides for such preference to the members of the armed forces of the United States. Section 21 of the Civil Service Law also provides for a preference to veterans of the armed forces. The question, there-

fore, briefly stated, is whether petitioner can be said to have served in the armed forces so as to become entitled to the preference sought.

The United States Maritime Service finds its origin in the United States Merchant Marine Act, 1936 (U. S. Code, tit. 46, § 1101 *et seq.*). Its functions and services are exclusively civilian in nature and are paid for by Government funds. Enrollment therein is purely voluntary and severence therefrom accomplished at will (*Matter of Goodell* v. *Walsh,* 185 Misc. 897). In order to become a member of the Maritime Service the enrollee was first required to join the Naval Reserve and was not placed on active duty either while in training or serving in the Maritime Service. He was classified in M-1 as being engaged in an " essential activity ". (See 1942 Atty. Gen. 395.) Section 246 of the Military Law, as amended, was enacted for the purposes set forth in the headnote and has no application to the petitioner.

Under the facts, the municipal civil service commission was justified in refusing to grant the petitioner a preference. The application is therefore denied.