Marcus Gr. Christ, J.
This is a proceeding in the nature of mandamus to compel the County Clerk of Nassau County to accept and file pursuant to section 47 of the Personal Property Law an assignment of wages, salary, commissions or other compensation for services dated December 1, 1957.
The County Clerk has refused to accept the paper and claims it is invalid because on its face it shows that it was given by the assignor to the assignee as security for payment of the assignor’s obligation under a retail installment contract as defined in article 10 of the Personal Property Law of the State of New York. The article is entitled 1 £ Retail Installment Sales Act ” and became effective October 1, 1957.
There are two pertinent provisions of such act:
*939 Subdivision. 2 of section 402: “.2. A contract or obligation shall contain the entire agreement of the parties with respect to the goods and services ”.
Subdivision 3 of section 403: 11 3. No contract or obligation shall contain any provision by which: * * * (c) A power-
of-attorney is given to confess judgment in this state, or an assignment of wages is given.”
Article 10 of the Personal Property Law standardizes retail installment sales contracts and obligations in many respects; the type to be used, notices to the buyer, the detail of the transaction which it must contain and in section 403 restrictions upon the transaction. One of these restrictions is against the assignment of wages. Such an assignment may not be provided for in the contract in any form (§ 403, subd. 3, par. [c]). To attempt to validate an assignment of wages by putting it in a separate instrument is ineffectual since it violates subdivision 2 of section 402, set out above. Further, it contravenes the intent and purpose of the statute which is to bar wage assignments as security for retail installment sales contracts.
The assignee’s claim that an assignment of wages is not “ with respect to goods and services ” and hence may be the subject of a separate agreement, is not sound. If such a reading were put upon the context of the act all of the restrictions in section 403 could be avoided by separate writings.
Assignments of wages are not outlawed in this State. They remain for many purposes (Personal Property Law, § 46 et seq.). They are, however, outlawed by article 10 as security for or as a method of payment in a retail installment sale contract or obligation.
Petition to compel the County Clerk to accept the assignment of wages is denied.
Settle order on notice.