John C. Leonforte, J.
Plaintiff moves for summary judgment in an action brought against the defendant for failure to comply with a garnishee order against one of its employees. The defendant has also requested that it be granted summary judgment dismissing the complaint on the ground that prior to receipt of the garnishee order, an assignment of wages was filed to the First National Bank covering a loan by said bank on which there was due the sum of $1,195.36. The plaintiff does not in any way contest such wage assignment except to assert it does not have priority over the garnishee by reason of subdivision 3 of section 48-a of the Personal Property Law in that it was not to secure an indebtedness of less than $1,000 and that in any event simultaneous deductions should have been made by the employer on both the wage assignment and on the garnishee.
Subdivision 3 of section 48-a is derived from subdivision 3 of the former section 46 and was substantially unchanged in regard to this situation. It specifically related to various safeguards imposed where wage assignments involved obligations for less that $1,000 but did not invalidate wage assignments in general. It must be considered in conjunction with section 403 (subd. 3, par. [e]) which prohibits wage assignments in retail installment sales contracts (Matter of Finkelstein, 11 Misc 2d 938).
Only one garnishee execution against the wages of a judgment debtor may be satisfied at one time (Civ. Prac. Act, § 684, subd. 1; Feder v. Skyway Container Corp., 218 N. Y. S. 2d 362).
*300 An assignment of wages falls within the broad definition of “ garnishment ” contained in subdivision 8 of section 46 of the Personal Property Law. It is the policy of the State to protect all but 10% of wages from seizure for debt (Morris Plan Ind. Bank of N. Y. v. Gunning, 295 N. Y. 324, 331). The statement contained in the Matter of Franklin Nat. Bank of Long Is. v. Lynch (29 Misc 2d 1039) to the effect that simultaneous deductions may be made was clearly dicta and is contrary to the Morris Plan case. Of course, this is in the absence of an order pursuant to section 793 of the Civil Practice Act where the court is granted discretionary power to order an additional amount in the event the wages might be so large as to warrant such payments. In view of the foregoing, the garnishee did not have priority and must await satisfaction of the previous wage assignment before the employer is required to make deductions under it. Plaintiff’s motion for summary judgment is denied and summary judgment is granted in favor of the defendant pursuant to rule 113 of the Rules of Civil Practice, dismissing the complaint.