Simon J. Liebowitz, J.
In this article 78 proceeding, petitioner seeks a judgment declaring that respondents’ withholding of compensation from petitioner for 30 days of his employment as a substitute teacher to be illegal, arbitrary and capricious. Respondents claim that the withholding represents recoupment of alleged overpayments mistakenly made in the form of vacation pay to which petitioner was not entitled. Respondents, prior to answer, move to dismiss the petition as failing to state a cause of action.
The court will not pass upon the validity of the vacation payments made to petitioner, since the issue of legality of withholding all wages from petitioner is dispositive of respondents’ motion.
The authorities cited by respondents, to wit: New York City Employees’ Retirement System v. Eliot (267 N. Y. 193); Matter of Fay v. O’Brien (195 Misc. 865, affd. 300 N. Y. 750) and Matter of Heffernan v. Board of Trustees (Sup. Ct., N. Y. County, Index No. 18795/70, April 23, 1971) are inapposite, as they deal with payment of pension funds which by statute may be withheld to the extent necessary to cover overpayments. This distinction becomes clear in the decisions of the Commissioner of Education in Matter of Steinberg (8 Ed. Dept. Rep. 169, reopening den. 9 Ed. Dept. Rep. 22) and more recently Matter *372 of Moss (No. 8594, Jan. 16, 1973) wherein the Commissioner did not permit the board to “ simply stop or reduce a teacher’s salary without his consent ” and relegated the board to legal action to recover the overpayment. Though in Matter of Valachovic v. Nyquist (68 Misc 2d 33, 39), the court stated that the Commissioner’s decision sanctioning the withholding by the board of 39% days of a teacher’s salary was not in conflict with the holding in Matter of Steinberg (supra) because the teacher “had given notice that he would resign * * * and when the appeal was' heard * * * the petitioner had already resigned ”, this court does not agree with such holding.
To sanction, by distinction, a practice that permits withholding of all of an employee’s earnings violates our legislative and judicially declared public policy. Our Legislature recognized its fundamental responsibility to protect an employee against his own improvidence and to preserve the means for his daily existence. Garnishment and income executions were specifically limited to 10% of his gross income, if it exceeded a base minimum, and then no more than one execution was effective at any one time (CPLR, 5231). Voluntary wage assignments were similarly circumscribed and limited to 10% of the gross wage (Personal Property Law, § 48-a). Significantly, section 193 of the Labor Law, a catch-all statute, specifically forbids an employer from making any deduction from the wages of an employee except those that are made pursuant to law, rule or regulation of a governmental agency or ‘ ‘ are expressly authorized in writing by the employee and are for the benefit of the employee ” (subd. 1, par. b). To ensure that no more than 10% of the wage income of an employee may be attached by a creditor, our courts have viewed the other 90% of the debtor’s income as exempt, and would not countenance an Internal Revenue attachment of all future income of an employee to satisfy his tax indebtedness, nor permit concurrence of an income execution, wage assignment or warrant of attachment against his salary (Matter of Jones [Peter Pan Nursery Prods.], 19 A D 2d 330, affd. 14 N Y 2d 558; Morris Plan Ind. Bank of N. Y. v. Gunning, 295 N. Y. 324; City & Suburban Homes Co. v. Reynolds, Inc., 39 Misc 2d 299).
If total withholding of earnings without notice or consent of an employee were to be permitted, an impecunious employee could be forced to resign and his earnings to that date applied by his employer as “ accrued funds ” to satisfy a debt. Such a practice must be condemned as an ingenious circumvention of public policy, an unabashed seizure of the day-to-day 90% *373 exempted wage earnings of an employee. It matters not that the purpose be to recoup public funds mistakenly paid out. In Matter of Jones (Peter Pan Nursery Prods.) (supra, p. 332) the Appellate Division enunciated in the clearest of language, judicial disapproval of such conduct: “It is not reasonably to be expected that a worker is to continue to provide the necessities of life without the benefit of any of the wages he earns, even though the indebtedness upon which the wages are all taken is entirely just and incurred through the fault or neglect of the worker himself. No industrial society tolerates the total deprivation of future earnings for the collection of debt; and all legal machinery for the enforcement of claims against wages allows some tolerance for the minimal needs of the employee while he works off the debt.”
In the instant proceeding petitioner alleges that he attempted through inquiries to ascertain the reason for the failure of the board and its Department of Payroll and Personnel to compensate him for his services; that ‘1 despite such inquiries, such salary was not paid to petitioner nor can he understand the reasons for such action ’ ’; and that it was months later that he learned that the board had withheld the total earnings for his 30 days of employment as a substitute teacher during the months of September, October and November of 1972 in order to recoup its alleged overpayment to him. Petitioner was not allowed during those months “ some tolerance for his minimal needs ” an opportunity to work “ off his debt.”
The court holds that the petition states a cause of action and . accordingly denies respondents’ motion to dismiss. Respondents shall have 10 days after the service upon them of a copy of the order to be entered hereon within which to serve their answer to the petition.