HON. RONALD GLICKMAN Town Attorney, Huntington
This is in response to your recent letter to our office wherein you ask us whether or not the Town of Huntington may deduct from its employees' wages the cost of safety equipment provided by the Town to the employee where the employee loses same or fails to return same when so demanded.
Article 6 of the Labor Law regards the payment of wages, and Labor Law, § 193 deals with deductions which can properly be made from the wages of employees by their employers. The definition of employer, however, for the purposes of Article 6, does not include a governmental agency (Labor Law, § 190[3]). The Town of Huntington would be considered a governmental agency and would, therefore, not fall within the definition of an employer herein.
It should be noted that section 193(1) (a) of the Labor Law forbids an employer from making any deductions except those that "are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency * * *"
Municipal Home Rule, § 10(1) [i, ii] (a) [12] provides that:
 "1. In addition to powers granted in the constitution, the statute of local governments or in any other law,
 "(i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law relating to its property, affairs or government and,
 "(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government: "a. A county, city, town or village:
* * *
 "(12) The government, protection, order, conduct, safety, health and well being of persons or property therein.* * *"
This grant of power to local governments to provide for the government, protection, order, conduct, safety, health and well being of persons or property subject to government's jurisdiction is to be liberally construed. (Krolick v. Lowery, 32 A.D.2d 317, [1969].)
Our research has not revealed any authority of law which would prohibit a governmental agency employer from deducting from the wages of its employees the cost of safety equipment that has been provided to the employee by the governmental agency employer, and which has been lost by the employee or not returned to the employer upon demand. Since a governmental agency has the power to provide for deduction by any law, rule or regulation regarding non-governmental agency employers, it would, therefore, not be inconsistent with any general law or the constitution for the governmental agency employer to provide by local law for a deduction on the wages of its own employees. This power to enact a local law of this type would fall within the powers of the above-mentioned Municipal Home Rule Law, § 10(1) [i, ii] (a) [12] for the safety, health and well being of the town employees in that assumedly, any deduction would be used to procure the safety equipment that was lost or not returned.
Insofar as the amount of any deduction is concerned, Feinberg
v. Board of Education of the City of New York, 74 Misc.2d 371
(Sup.Ct., Kings County [1973]) held that the New York City Board of Education could not withhold all of the earnings of a teacher on the asserted ground that vacation pay had been mistakenly given him. The Court stated that the various statutes authorized garnishments of 10 percent only. In Matter of Jones, (Peter PanProducts), 19 A.D.2d 330, (1963), the Appellate Division also held that there was no authority of law for the complete taking of future wages to be earned by the employee by the act of a public authority.
Accordingly, we conclude that a town may adopt a local law to provide for the deduction from the wages of its employees the cost of safety equipment provided by the town to the employee that is lost or not returned upon demand.