Dr. Dolores E. Cross President NYS Higher Education Services Corporation
Your counsel has asked whether the debt of a State employee occasioned by his default on a student loan guaranteed and held by the New York State Higher Education Services Corporation may be deducted from the employee's State salary without resort to court proceedings.
We are not aware of any statutory authority for such a deduction from salary prior to judgment against a student loan debtor (see Mtr ofFeinberg v. Bd. of Educ., 74 Misc.2d 371 [Sup Ct, Kings Co, 1973]). Your counsel informed us that the debtor has not agreed to a deduction as a condition of the loan agreement or as a condition of employment. Money judgments may be enforced through income execution (Civil Practice Law and Rules, § 5231).
Private employers may not make any deductions from the wages of an employee unless they are made in accordance with law or a government rule or regulation or are expressly authorized in writing by the employee and are for the benefit of the employee (Labor Law, § 193 [1] [a] and [b]). These provisions manifest a general State policy against deductions from an employee's wages.
The legality of state statutes authorizing a seizure of property prior to notice and hearing has been upheld only in extraordinary situations (cf.Calero-Toledo v Pearson Yacht Leasing Co., 416 U.S. 663 [1974]). It must be demonstrated that the seizure is necessary to secure an important governmental or general public interest; there must be a special need for prompt action; and the state must retain strict control over the circumstances of the seizure (ibid.; Fuentes v Shevin, 407 U.S. 67, 90-92
[1971]). Except under these extraordinary situations, procedural due process under the United States Constitution requires an opportunity for a hearing before the seizure of someone's property (id., at p 80). The prospect that the granting of due process of law would have led to the same result because the party had no adequate defense on the merits is no excuse for not granting a hearing (id., at p 87). The taking of property without any opportunity for hearing is an unconstitutional deprivation of due process (Windsor v McVeigh, 93 U.S. 274 [1876]; Mitchell v W.T. GrantCo., 416 U.S. 600, 613 [1974]).
We conclude that there is no authority, prior to judgment, for the deduction from the salary of a State employee of the amount of his debt on a defaulted student loan.