OPINION OF THE COURT
David B. Saxe, J.
The principal issue that I must resolve in the context of this proceeding brought pursuant to CPLR article 78 is as follows: May a municipality recoup overpayments made to its employees through paycheck wage deductions without first affording the workers a right to a hearing? The petitioners, for the most part, employees of New York City’s Department of Health, contend that such a procedure contravenes their constitutionally protected due process rights. The city contends that it does not. I concur with the city’s position.
The facts are as follows: Sometime after each petitioner had commenced working, the city discovered that it had been making salary overpayments to them. The city then gave written notification to each petitioner explaining the mistake, notifying them that their wages would be reduced to reflect the corrected salary, and that recoupments would be taken from each paycheck in order to recover any prior overpayments. In addition, the letters stated the exact amount alleged to be owed by each petitioner, and precisely how much money would be recouped for each two-week pay period. Thereafter, the city reduced the petitioner’s wages, and has begun making recoupments, generally in the amount of $25 per paycheck for each petitioner.
*515 The city’s right to recoup these funds is not at issue. The collective bargaining agreement between the parties recognizes the right to recover sums paid through inadvertence or mistake. The Labor Law specifically exempts governmental agencies from the proscription placed upon employers from making payroll deductions. (Labor Law, §§ 190, 193.) Finally, the city contends that they are obligated by section 1 of article VIII of the New York State Constitution to recover these overpayments because they would otherwise constitute impermissible gifts of public funds. Nevertheless governmental agencies have a duty to refrain from acts that are illegal, arbitrary or capricious when attempting to recoup moneys mistakenly paid to its employees. (Matter of Feinberg v Board of Educ., 74 Misc 2d 371, affd 51 AD2d 548.)
The petitioners allege that due process requires not only notice, which was admittedly received by each of the petitioners, but also a full impartial hearing prior to recoupment. (See, generally, Goldberg v Kelly, 397 US 254; Fuentes v Shevin, 407 US 67.) They assert that the wages previously paid them, although mistakenly, are a valuable property interest entitled to protection. (Basciano v Herkimer, 605 F2d 605.) At the very minimum, balancing all of the individual and governmental interests at stake (Goss v Lopez, 419 US 565), petitioners assert that the nature of the hearing to which they are entitled is a full impartial hearing that must be held prior to the commencement of salary deductions. On analysis, I do not agree. The factors to be considered are: (1) the private interest to be affected by the government’s action; (2) the risk of erroneous deprivation of such interest, and the value of any substitute safeguards; and (3) the government’s interest, the functions sought to be accomplished, and any fiscal or administrative burdens that additional safeguards may entail. (Matthews v Eldridge, 424 US 319, 335.)
Petitioners assert that the interest at stake is substantial. They urge that they are, for the most part, low-income wage earners and are dependent upon receiving their full paychecks. They imply that even the slightest deduction will cause grave economic distress to them. In opposition, *516 the respondents argue that only a small percentage of the petitioners’ salary is being withheld for each pay period; that such sums rightfully belong to the government; and that the petitioners should have known, based on the salary scales of the collective bargaining agreement, that they were receiving sums they were never entitled to receive.
The risk of error in respect to present procedure is small, because it involves only a simple arithmetical calculation based upon the salary scales clearly stated in the collective bargaining agreement.
Finally, I hold that requiring a predeprivation hearing would be unduly burdensome on the government. Resolution of the issue involves neither the credibility of witnesses, nor complex factual determinations. The issue is simply whether the government has erred in calculating the salary of the petitioners according to clear standards readily available to all interested parties. It can be accurately determined, without the need for a full, impartial hearing, if the government has mistakenly overpaid an employee. A hearing would be unduly burdensome on the government in comparison with the benefit, if any, that it would provide to the employee.
On balance, I hold that the respondent has fulfilled its obligation pursuant to the due process clause of providing notice to and an explanation of the error it made, and its plans to rectify such mistakes. Due process does not require more.
The petitioners contend that even if the requirements of due process were fulfilled, the respondents’ actions in this case were arbitrary, capricious and unreasonable, thus entitling them to the relief requested. I disagree.
The petitioners rely primarily on Matter of Feinberg v Board ofEduc. (supra). That case involved the withholding of salary sums previously and incorrectly paid to an employee teacher. However, there, as opposed to the situation here, the petitioner’s entire salary was withheld for a full 30 days. The method of recoupment was held to be unreasonable and therefore the petitioner prevailed. Deprivation of a full month’s salary is quite different than small deduc *517 tions over a long period of time. In Feinberg, it was the manner of the retaking rather than the right to recoup that was found to be offensive. Here, in contrast, the respondent is recouping the money from the petitioners in a much less burdensome manner. Generally, no more than $25 is withheld during any one pay period, which occurs once every two weeks. Moreover, the respondent, in an attempt to alleviate the anticipated burden that could result from even a $25 deduction, has offered many of the petitioners full-time 40-hour positions, which have been accepted by them. Much more under the circumstances cannot be required of the respondents.
The petitioners have requested a preliminary injunction and a declaratory judgment on their claim. On the basis of the prior analysis, I have determined that they have not established a likelihood of success on the merits. (Siegel, New York Practice, § 328.)
Motion denied.