WILLARD P. HAMILTON *vs.* SAMUEL WILCOX, ET ALS.

Aroostook.   Opinion January 25, 1928.

*Mutual debts do not per se extinguish themselves.   A cross demand cannot be treated as a payment except by agreement of the parties to that effect.*

In the instant case without the consent of the original owners of the judgment of return a credit upon cross demand against them did not constitute payment of the value of the hay, satisfy the judgment, or constitute a performance of the conditions of the bond.

This rule applies in principle to the payment of a judgment debt, or, as in this case, to a liability under an executory contract fixing the payment of money as the medium of satisfaction of a judgment of return in replevin.

Neither statutory nor equitable set-off is pleaded.   A like limitation upon the issue appears in the bill of exceptions.   Questions not raised at the trial and not appearing in the bill of exceptions cannot be considered by the Law Court.

On exceptions.  An action of debt on a replevin bond by an assignee of the replevin bond and judgment of return under an assignment from the defendants in the replevin suit.   The general issue was pleaded and by way of a brief statement it was alleged that the conditions of the bond had been performed by giving credit on an existing valid indebtedness between defendant Wilcox, the plaintiff in the replevin suit, and the defendants in the replevin suit, owners of the judgment of return, who did not agree to such credit being given. The cause was heard by the presiding justice without a jury on an agreed statement of facts, who found for the plaintiff and defendants excepted.   Exceptions overruled.

The case fully appears in the opinion.

*C. L. Keyes,* for plaintiff.

*Cyrus F. Small,* for defendants.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

STURGIS, J. Action on a replevin bond. The case was heard below by a single Justice with jury waived, and is here on an exception limited to the single question of error in the disallowance of the defense of performance as set forth in the brief statement. The case was submitted in the trial court on an agreed statement of facts, which together with the pleadings, are made a part of the Bill.

The agreed statement sets forth that the plaintiff in this action is assignee of a judgment of return and bond in a replevin suit begun by the defendant Wilcox against Grover C. and Edna J. Wardwell. The result of that suit was a judgment of return of 8⅔ tons of hay which the parties agreed was worth $86.67, with a stipulation not entered of record that the judgment should be satisfied by the payment of that amount in lieu of a return.

Judgment having been entered at the February term, 1924, and not satisfied by payment as stipulated, on January 10, 1925, execution issued, and on the same day the judgment was assigned to the plaintiff in this action. At sometime the replevin bond was also assigned to the plaintiff, and no question being raised as to his right to maintain this suit, proper assignment of the bond must be assumed.

The plaintiff charges a breach of the replevin bond in the failure of the defendant Wilcox to pay $86.67, the agreed value of the hay ordered returned. The defense as pleaded is that the bond was in usual form, conditioned to pay damages and costs recovered and to restore property taken on the replevin writ, with a further averment that these conditions had been fully performed by a credit of $86.67 given by the defendant Wilcox (principal on the bond in suit) to Grover C. and Edna J. Wardwell (original owners of judgment of return) on their debt to Wilcox secured by a chattel mortgage on the hay replevied. The exception reserved is based on the ruling of the Justice hearing the cause that the defendant Wilcox had no legal right to satisfy the judgment of return by giving credit to the original owners of the judgment as set forth in the defendants' pleadings. Upon the facts stated we find no error in this ruling.

Primarily upon judgment of return in replevin the condition of the replevin bond can only be performed by a return of the identical goods replevied with a payment of damages and costs awarded. *Smith v. Dillingham,* 33 Maine, 387. In this case, however, the original parties to the replevin action stipulated and agreed that the money

value of the hay replevied should be paid in lieu of a return. The agreement was executory with no time fixed for performance.

The defendant Wilcox, therefore, was bound to perform the conditions of the agreement punctually and fully, in default of which the owners of the judgment might rescind the agreement and be remitted to their original rights under the judgment.    34 Cyc., 701. The fact, however, that the parties to this suit, including the sureties upon the replevin bond, rely upon the terms of this agreement as the basis of their respective rights indicates that the agreement remained unrescinded and binding upon the original parties.  It also bound the plaintiff in this suit, who took the assignment of the judgment *cum onere.*   *Collins* v. *Campbell,* 97 Maine, 23;  *Peirce* v. *Bent,* 69 Maine, 386.

The agreement called for payment of $86.67 in satisfaction of the judgment of return.  The defendant Wilcox attempted to satisfy the judgment and perform the conditions of the bond by giving credit upon a cross demand against the original owners of the judgment. The consent of the latter to this method of satisfying the judgment, or the substituted agreement for payment, is, however, lacking in the bill of exceptions.   Without their consent there was no payment and no satisfaction or performance.

A cross demand cannot be treated as a payment except by agreement to that effect by the parties.   Mutual debts do not per se extinguish themselves.   39 Cyc., 1190;  21 R. C. L., 44.  The rule stated in 21 R. C. L. at page 9 is peculiarly applicable:  "When the creditor owes a claim or demand to the debtor, he cannot, without the consent or direction of the debtor, apply what he owes as a credit on the note or demand he holds against the debtor.   The reason for this rule is that the debtor, who is, to the extent of his demand, a creditor, has the right to direct and control the disposition that shall be made of his debt, and to apply or not apply as he pleases to the payment of demands that he owes, and this privilege cannot be taken out of his hands by the mere act of another person."    Such an unauthorized application of a cross demand is not payment.   And we have no doubt that this rule applies in principle to the payment of a judgment debt, or, as in this case, to a liability under an executory contract fixing the payment of money as the medium of satisfaction of a judgment of return in replevin.

The defendants have pleaded performance not set-off, statutory or equitable. They have placed a like limitation upon the issue in the bill of exceptions. Set-off by the Court is not now open to them. Questions not raised at the trial and not appearing in the bill of exceptions will not be considered by the Law Court. *Verona* v. *Bridges*, 98 Maine, 491.

For the reasons stated the mandate must be

*Exceptions overruled.*