## H. ROUW CO. v. TEXAS & N. O. R. CO.

### No. 12575.

Court of Civil Appeals of Texas.
San Antonio.

June 10, 1953.

Rehearing Denied July 15, 1953.

James E. Little, Edinburg, for appellant.

Kelley, Looney, McLean & Littleton, Edinburg, Baker, Botts, Andrews & Parish, Houston, for appellee.

POPE, Justice.

This is an appeal from an order of the trial court enjoining appellant shipper from prosecuting separately and without consolidation, twenty-four suits against the carrier for small and nominal claims filed in the Justice and County Courts of Hidalgo County, and from filing as separate suits twenty-five other claims identified in the decree, but not yet reduced to suits.

Each of the suits and claims asserts damages suffered by appellant on shipments over the carrier lines. The facts and amount of damages are not disputed, except that the carrier asserts that each claim should be reduced in the amount of the commissions the shipper would have been required to pay out of the price it would have received if the shipment had been sold on the market. That is the only law point and it is common to all the suits and claims. The trial court found that, the parties are identical; the amounts in controversy are nominal (in some instances less than fifty cents); and a trial with the suits consolidated will work no injury on the shipper, but will save costs, time and expense of all the litigants and the court.

The trial court ordered the injunction on facts like those discussed and analyzed fully in Gulf, C. & S. F. Ry. Co. v. Pearlstone Mill and Elevator Co., Tex. Com.App., 53 S.W.2d 1001. To avoid a needless multiplicity of suits with its increased and disproportionate expense in

time and costs where each suit must be tried separately, an injunction and order to consolidate are proper. Commonwealth Casualty & Ins. Co. v. Morris, Tex.Civ. App., 155 S.W.2d 394; Luttring v. American Fruit Growers, Tex.Civ.App., 49 S.W. 2d 980; Stewart v. Orsburn, Tex.Civ.App., 41 S.W.2d 1008.

The judgment is affirmed.