**CITY OF SPRING VALLEY, Petitioner,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Respondent.**

**No. B–3129.**

Supreme Court of Texas.

July 19, 1972.

Rehearing Denied Oct. 4, 1972.

**580**

Schlanger, Cook & Cohn, C. B. Stephenson, Houston, for petitioner.

James M. Shatto and Joe R. Riley, Houston, for respondent.

DANIEL, Justice.

The question here is whether the trial court abused its discretion in denying a temporary injunction sought by the City of Spring Valley to prevent the Southwestern Bell Telephone Company from constructing in a residentially zoned area a parking lot to be used in connection with its central office building.

The Court of Civil Appeals concurred in the trial court's judgment that the parking facility was exempt by Article 1011i from city zoning regulations because of its necessity for maintenance and use of the telephone company's central office building.[1] It held that the trial court did not abuse its discretion in denying the temporary injunction. 473 S.W.2d 284. We affirm.

In 1946, respondent, hereinafter referred to as Bell Telephone, established a central office building in Spring Valley through which it furnished telephone service to 1000 customers. By 1970 it was serving 32,000 customers, and projected increases between 1970 and 1980 are at the rate of 2,300 per year. Its central operation has expanded to a total of four parcels of land and seven building additions. By 1977, the present complex, now located on Lot 1–A near the intersection of Katy Road and Bade Street, will require substantial expansion. It was to accommodate this expansion of its central office building and to provide parking space for use in connection with the present and expanded facilities that Bell Telephone purchased Lot 17, which lies immediately north of and adjacent to Lot 1–A. The latter is zoned by the City for commercial purposes, but Lot 17 is zoned for residential uses. Bell Telephone contends that the City's zoning powers do not extend to Lot 17 so long as it is used for "location, construction, maintenance or use of" its central office building.

Articles 1011a et seq. grant to cities the power to regulate "the location and use of buildings, structures and land" and to establish zoning districts therefor. However, Article 1011i provides a special exception

---

1. All statutory references are to Vernon's Annotated Texas Civil Statutes.

with reference to telephone companies, as follows:

"The provisions of this Act or of any ordinance of any city or town, enacted under the authority of this Act, shall not apply to the location, construction, maintenance or use of central office buildings of corporations, firms or individuals engaged in the furnishing of telephone service to the public, or to the location, construction, maintenance or use of any equipment in connection with such buildings or a part of such telephone system, necessary in the furnishing of telephone service to the public."

Neither party challenges the validity of the above mentioned Acts. Bell Telephone concedes that the City's zoning ordinance is valid, and that its only right to make commercial use of Lot 17 is dependent upon its facility coming under the exception provided in the above quoted Article 1011i.

The City initially sought to enjoin Bell Telephone from making any commercial use of Lot 17, either for expansion of its present central office or for temporary or partial use as a parking lot. Subsequently, the City conceded that the company has the right to use the lot for any necessary expansion of its central office building, but not for parking spaces in connection with its present or expanded building. The City argues that Article 1011i is not broad enough to cover a parking lot, even though used in connection with the central office building, because such facility is not "necessary" to the maintenance or use of the building, and was not contemplated as an exempted use by the Legislature when it enacted the law in 1927.

Perhaps parking facilities were not so essential to the use of commercial and other buildings in 1927, but the statute was not limited to uses and needs of the year of its enactment. Being still in effect, it speaks for the uses and needs of 1972. It is broad enough to cover all "construction, maintenance or use of central office buildings of corporations, firms or individuals engaged in the furnishing of telephone service to the public . . . " It is common knowledge that in this day and time parking facilities are essential to the use of and are built in connection with many buildings which serve the public or house a large number of employees. With respect to this particular central telephone office building, the evidence shows that there are almost 100 telephone company employees and from 26 to 100 Western Electric employees who work in the building; that they use their own personal automobiles in driving to and from work; that telephone company vehicles are also used in connection with the operation of the central office building; and that there is not sufficient parking space otherwise available to them.

That space for parking may be necessary for the use of a building was recognized in City of Dallas v. Malloy, 214 S.W.2d 154, 157 (Tex.Civ.App.1948, writ dism.), a condemnation case in which it was said that even if an auditorium was not built by the City upon the property taken, it "could and probably would be used for necessary parking space in connection with the use of the auditorium and other buildings."

■ Ordinarily, the trial court has broad discretion in determining whether or not to issue a temporary injunction, and its judgment will not be overturned unless the record discloses a clear abuse of discretion. Texas Foundaries, Inc. v. International Moulders, 151 Tex. 239, 248 S.W.2d 460 (1952). The general rule is not unlimited; it does not extend to the erroneous application of the law to undisputed facts. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935). In this case, the record supports the implied finding of necessity for Bell Telephone to provide parking facilities for the maintenance and use of the existing and proposed extension of its central office building; that as an essential incident to supplying telephone service to the public, it is constructing the parking lot in connection with the existing

and adjacent central office building; and that the trial court correctly applied Article 1011i to the established facts. We find no abuse of the trial court's discretion in denying the City's request for a temporary injunction.

Accordingly, the judgments of the lower courts are affirmed.