Lewis BENTON, et al., Appellants,

v.

WILMER–HUTCHINS INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 05–83–00987–CV.

Court of Appeals of Texas, Dallas.

Nov. 14, 1983.

Rehearing Denied Dec. 16, 1983.

Leonard J. Schwartz, Dianne Doggett, Austin, for appellants.

Glenn Snyder, DeSoto, for appellee.

Before GUITTARD, C.J., and AKIN and ALLEN, JJ.

GUITTARD, Chief Justice.

Several teachers of the Wilmer-Hutchins Independent School District filed this class action to restrain the district from deducting from their monthly pay, and from the pay of other teachers, amounts claimed by the district as overpayments for previous years. A temporary injunction was denied, and the teachers perfected this appeal. We granted temporary relief pending the appeal, and we now reverse the trial court's order and grant the temporary injunction sought.

The facts are undisputed except in one particular, which we find to be immaterial. After the close of the 1981–82 academic year, the district determined that it had used an erroneous method of computing the sick leave allowed to its teachers. From its records, the accuracy of which is disputed, the district determined the amount of overpayments and sent notices to the affected teachers inviting them to attend a "workshop" at a specified time and place in order to examine the records and present any records of their own. Only two teachers appeared, one of whom obtained a satisfactory adjustment. The district then announced its intention to make the deduction from the teachers' paychecks during the remainder of the 1982–1983 academic year. This suit ensued on behalf of all teachers affected by the deductions. The judge issued a temporary restraining order, which was continued from time to time, but after

a hearing he denied the temporary injunction.

### Adequacy of Legal Remedy

■ The district contends that the trial court's order should be affirmed because the teachers failed to show that they will suffer irreparable harm for which they have no adequate remedy at law. It suggests that the teachers would be adequately protected and the propriety of the deductions and accuracy of the records could be better determined in a suit against the district for the salaries withheld. We conclude that the remedy suggested is not adequate. Since current wages are presumably necessary for subsistence, the process of litigating a claim for debt to final judgment cannot be considered sufficiently prompt for adequate redress. Moreover, prosecution by the teachers of their several claims would result in a multiplicity of suits, a recognized ground of injunctive relief. *H. Rouw Co. v. Texas & N.O.R. Co.,* 260 S.W.2d 69, 70 (Tex.Civ.App.—San Antonio 1953, no writ).

### Exhaustion of Administrative Remedies

■ The district also contends that the injunction was properly denied because the teachers failed to exhaust their administrative remedies with school authorities at the local or state level. Thus, it argues that failure of the teachers to appear at the "workshop" to examine the district's records and present their own bars them from the relief sought. We recognize that since matters of school administration have been committed to school authorities, the courts should not decide disputed questions of fact that have not first been decided by the proper administrative authority. *Daniel v. Dallas Independent School District,* 351 S.W.2d 356, 358 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.). The present suit, however, does not concern a disputed fact question. The injunction is sought on the basis of the district's threatened action of deducting the claimed overpayments from the teachers' current pay. The teachers contend that these deductions are improper, whether or not the amounts deducted are lawfully due to the district. Thus the issue presented to the trial court, and also on this appeal, is a pure question of law that need not be decided by the administrative authorities before resorting to the courts. *Mission Independent School District v. Diserens,* 144 Tex. 107, 188 S.W.2d 568, 570 (1945).

### Right to Make Deductions from Current Salaries

■ Accordingly, we reach the merits of this question of law. The district contends that since it has a duty to recover public funds paid out under a mistake of fact, it may resort to self-help by deducting the overpayments from current salaries due. We do not agree. By such action the district is treating current salaries as already paid to the extent of the previous overpayments, contrary to the common-law rule that mutual debts do not extinguish each other in the absence of agreement or judicial action. 6 S. Williston, Contracts § 887E (3rd ed. 1962); *Hamilton v. Wilcox,* 126 Me. 529, 140 A. 201 (1928); *Four–G Corp. v. Ruta,* 45 N.J.Super. 128, 131 A.2d 566 (App.Div.1957), *rev'd on other grounds,* 25 N.J. 503, 138 A.2d 18 (1958); *see Bond v. Poindexter,* 116 S.W. 395, 396–97 (Tex.Civ. App.1909, no writ). In accordance with this rule, we hold that in the absence of such an agreement or consent, a debtor, such as the district, has no right to withhold payment of an amount otherwise lawfully due on a contract by offsetting an unrelated claim against his creditor and thus put the creditor to the burden of filing a suit and proving the invalidity of the unrelated claim.[1]

■ This principle has particular application here in view of the strong policy of this State to protect current wages from the claims of creditors. Article XVI, section 28, of the Texas Constitution provides that cur-

---

1. This holding is without regard to rule 97(b) of the Texas Rules of Civil Procedure, which gives the debtor in such a suit by the creditor the right to file a counterclaim on which the debtor would have the burden of proof.

rent wages shall not be subject to garnishment, and article 3836(a)(7) of the Texas Revised Civil Statutes (Vernon Supp.1982–1983) provides that current wages are "exempt from attachment, execution and every type of seizure for the satisfaction of liabilities." Although the district may be correct in contending that its actions cannot be technically described as either a garnishment or an attachment, the asserted remedy of self-help is even more strongly opposed to the policy underlying this limitation of judicial remedies, since it is not subject to similar judicial safeguards. A creditor, such as the district claims to be, should not be permitted to resort to self-help to impound current wages that are not subject to garnishment. This principle was applied in *Dempsey v. McKennell,* 2 Tex. Civ.App. 284, 23 S.W. 525, 526 (1893, no writ), in which Justice F.A. Williams, later a member of the Supreme Court, held that this statute was intended to express the legislative intent that current wages should not be subject to debts in any way without the consent of the debtor, but should be exempt from an enforced application to the discharge of debts. Thus the court held that an employer could not offset a claim for wages by an ordinary debt assigned to the employer by the employee's creditor and thus accomplish indirectly what the statute forbids.

Even closer to the point here is *Finberg v. Board of Education,* 74 Misc.2d 371, 344 N.Y.S.2d 618, 619 (Sup.Ct.1973), *aff'd* 51 A.D.2d 548, 378 N.Y.S.2d 426 (1976), which holds that a teacher's wages cannot be withheld to recoup alleged overpayments of vacation pay. Although in that case a teacher's entire monthly salary was withheld, we see no difference in principle in withholding a part of the monthly pay here in view of our statute exempting all current wages from garnishment, attachment, or other seizure.

The district relies on *Aebli v. Board of Education,* 62 Cal.App.2d 706, 145 P.2d 601 (1944) as supporting its asserted right to deduct from current wages amounts claimed for previous overpayments to the teachers. We do not read *Aebli* as contrary to our present holding. In *Aebli* the court rejected the teachers' challenge to the school board's exercise of self help, pointing out that they had not attempted to enjoin the deductions. Thus the court held that by waiting to assert their claims until after the recoupment had been accomplished, the teachers had waived their right to object to the method pursued by the board. 145 P.2d at 606. In the present case, no such waiver can properly be asserted.

The district also relies on the rule permitting a creditor to make whatever application of payments he elects in the absence of a contrary direction by the debtor, citing *First National Bank v. Whirlpool Corp.,* 517 S.W.2d 262, 269 (Tex.1974). That rule is inapplicable because it applies to a creditor's election to apply the debtor's payments to one of several debts owed to the same creditor. Here the teachers have made no payments which the district may apply to its overpayments to them. For reasons already stated, we hold that the teachers' current salaries cannot be impounded as payment of the district's claims for overpayment in preceding years.

### Abuse of Discretion

Appellee urges that denial of the temporary injunction should not be reviewed without a showing of abuse of discretion and asserts that no such abuse is shown. However, the trial court abuses its discretion when it fails or refuses to apply the correct rule of law to conceded or undisputed facts. *Southland Life Ins. Co. v. Egan,* 126 Tex. 160, 86 S.W.2d 722, 723 (1935). Thus we hold that the undisputed facts here show an abuse of discretion and establish as a matter of law the teachers' probable right to an injunction.

### Judgment

The order of the trial court is reversed and judgment is rendered that a temporary injunction be issued, pending final disposition of this suit, restraining the district from withholding from current salaries to its teachers any amounts claimed as over-

payment of salaries for the academic year 1981–82 and prior years. The ancillary temporary injunction granted by this court is continued in force until the issuance of the court's mandate or the filing of an application for writ of error. The trial court is directed to require of appellants a proper bond, as provided by rule 684 of the Texas Rules of Civil Procedure.