

# The Attorney General of Texas

December 14, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. John S. Cargile
Chairman
Texas State University System
505 Sam Houston Building
Austin, Texas   78701

Opinion No. JM-255

Re:   Whether a university may withhold the salary of an employee who fails to pay fees assessed against the employee by the university, and related questions

Dear Mr. Cargile:

You have asked our opinion about the authority of a university within the Texas State University System "to withhold paychecks from university employees who are indebted to the university." Specifically, you ask whether a university has authority to withhold all or a portion of the paycheck of an employee who:   (1) has failed to pay fees assessed against him for violations of university parking regulations; or (2) has paid for goods or services provided him by the university with a check later returned for insufficient funds; or (3) has been ordered by a state or federal court to pay monetary damages (or make restitution) to the university.

Subsection (a) of article 4350, V.T.C.S., declares:

> No warrant shall be issued to any person indebted or owing delinquent taxes to the State, or to his agent or assignee, until such debt or taxes are paid.

Similarly, you advise, the Texas State University System and its component institutions, through their boards of regents, have promulgated rules and regulations stating (in essence) that neither salary payments nor other payments will be made to an employee while he is indebted to the university, the system, or the state. By the express terms of their employment contracts, we understand, university employees agree to obey and abide by university rules and regulations.

In Benton v. Wilmer-Hutchins Independent School District, 662 S.W.2d 696 (Tex. App. – Dallas 1983, writ dism'd), a school district resorted to the self-help of deducting from its teachers' paychecks amounts the district claimed had been overpaid the teachers in previous years.  The court noted the strong policy of this state to protect current wages from the claims of creditors, saying:

p. 1134

> Article XVI, section 28, of the Texas Constitution provides that current wages shall not be subject to garnishment, and article 3836(a)(7) [V.T.C.S.] provides that current wages are 'exempt from attachment, execution and every type of seizure for the satisfaction of liabilities.' Although the district may be correct in contending that its actions cannot be technically described as either a garnishment or an attachment, the asserted remedy of self-help is even more strongly opposed to the policy underlying this limitation of judicial remedies, since it is not subject to similar judicial safeguards. A creditor, such as the district claims to be, should not be permitted to resort to self-help to impound current wages that are not subject to garnishment.

Id. at 698. See also Dempsey v. McKennell, 23 S.W. 525 (Tex. Civ. App. 1893, no writ). Cf. Dean v. Maxwell, 173 S.W.2d 246 (Tex. Civ. App. - Eastland 1943, no writ).

Briefs from the universities and the system suggest that the Benton case should not apply to the universities because, they say: (1) a board of regents of a state institution has considerably more authority in these matters than the trustees of an independent school district, and the local school board had not established a prior rule prohibiting payments to indebted employees; and (2) the incorporation of the regents' rule into the employment contracts at the universities "constitutes an agreement authorizing withholding of a debtor's paycheck" that takes it out of the Benton rationale.

The Benton court, in responding to the school districts' assertion that the district could resort to self-help because it had a duty to recover public funds paid out under a mistake of fact, did say the common law rule that mutual debts do not extinguish each other applies "in the absence of agreement or judicial action." 662 S.W.2d at 698, (emphasis added). However, we do not believe the employment contract language utilized by the universities -- at least the language submitted to us -- constitutes such an agreement.

An "agreement" in the sense used by the Benton court means a contractually enforceable agreement or consent that something may be done. Cf. McCorkel v. District Trustees, 121 S.W.2d 1048 (Tex. Civ. App. - Eastland 1938, no writ). The system and the universities cite Fazekas v. University of Houston, 565 S.W.2d 299 (Tex. Civ. App. - Houston [1st Dist.] 1978, writ ref'd n.r.e.), appeal dismissed, 440 U.S. 952 (1979), to support their claim that university employees, by accepting their employment contracts, contractually agree that university officials may withhold their paychecks in accordance with university rules or regulations. Our reading of Fazekas leads to a different result.

Mr. Fazekas, a tenured professor, lost the case. The university's rules, the court decided, could be enforced against him as a matter of law, rather than as a matter of contract, because the contractual obligations of his employment contract were "subject to" (i.e., "subordinate to," "subservient to," or "limited by") the governmental power of the university to change its rules at its discretion. The court said:

> By executing these instruments [sequential employment contracts], Professor Fazekas acknowledged that his contractual rights were subordinate to the rules and regulations issued by the Board of Regents.

565 S.W.2d 307.

An acknowledgment that the law dictates a particular result is not an agreement that something may be done; it is a recognition of the existence of a legal power beyond the reach of the parties to alter. "Consent" implies an agreement to something which could not exist except for the consent and which the "consenting" party has a right to forbid. See Aguirre v. State, 7 S.W.2d 76 (Tex. Crim. App. 1928); Dixon v. State, 2 S.W.2d 272 (Tex. Crim. App. 1928); Reynolds v. Baker, 191 S.W.2d 959 (Ark. 1946); State v. Public Service Commission, 192 S.W. 958 (Mo. 1917); 15A C.J.S., Consent at 575. We do not think university employees can be said to have "consented to" or "agreed to" whatever rules and regulations the regents may promulgate merely because they acknowledge in their employment contracts the legal power of the regents as public officers to make valid rules and regulations, particularly if the precise rule or regulation at issue was not brought to their attention at the time. Cf. Attorney General Opinion O-6671 (1946) (private employers).

Moreover, in this case, unlike the Fazekas situation, the "self-help" rules and regulations of the universities run counter to the policy of article XVI, section 28 of the Texas Constitution and article 3836(a)(7) of the statutes [now Property Code §42.002(8)], as did the action taken by the school district in Benton. Judicial safeguards are absent here, as there. Cf. Texas Technological College v. Fry, 288 S.W.2d 799 (Tex. Civ. App. - Amarillo 1956, no writ).

Valid rules and regulations of universities exercising delegated power do have the force of law, but rules and regulations that constitute a clear abuse of discretion or a violation of law do not. See Foley v. Benedict, 55 S.W.2d 805 (Tex. 1932). In our opinion, a university within the Texas State University System may not resort to the self-help of withholding an employee's paycheck for current wages to enforce more effectively the collection of sums the employee is said to owe the university.

Article 4350, V.T.C.S., providing that no warrant shall be issued any person indebted to the state, was not discussed by the Benton court. In Attorney General Opinion MW-416 (1981), however, article 4350 was said to authorize withholding warrants only on a proper statutory allegation of the existence of the debt, either by agreement or by lawfully effective means and that no authority existed to withhold warrants where there is a contrary statute. We believe section 42.002(8) of the Property Code [formerly article 3836(a)(7), V.T.C.S.], and section 28 of article XVI of the Texas Constitution constitute "contrary statutes" in this context. See Attorney General Opinion O-4655 (1942). See also Attorney General Letter Advisory No. 57 (1973). Cf. Sherman v. Hatcher, 299 S.W. 227 (Tex. 1927).

In view of this resolution of the matter, it is unnecessary to determine whether assessed parking fines are "debts" within the meaning of article 4350 and the rules and regulations of the universities. But see Dixon v. State, 2 Tex. 482 (1847); Ex parte Robertson, 11 S.W. 669 (Tex. Crim. App. 1889). Cf. Adair v. Martin, 595 S.W.2d 513 (Tex. 1980); Attorney General Opinion O-5249 (1943).

## S U M M A R Y

A university within the Texas State University System may not resort, to the self-help of withholding an employees paycheck for current wages to enforce more effectively the collection of sums the employee is said to owe the university.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood