**CITY OF HOUSTON, Appellant,**

v.

**Clifton NELIUS, Appellee.**

**No. C14–85–001CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1985.

Rehearing Denied May 2, 1985.

John Fischer, Asst. City Atty., Houston, for appellant.

Clinard J. Hanby, Haynes & Fullenweider, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from an order granting a temporary injunction which enjoins appellant, City of Houston, from withholding the paychecks of appellee, Clifton Nelius. In one ground of error the City alleges that the trial court erred as a matter of law in concluding that the retention of appellee's paychecks constituted garnishment of wages for personal services. We disagree and affirm the order granting the temporary injunction.

Nelius is a City of Houston Police Officer. According to his motion for the temporary restraining order, Nelius originally filed suit against the City of Houston as an appeal from an adverse ruling by the Civil Service Commission for an alleged wrongful suspension of Nelius from his duties as a Houston Police Officer. In that suit, Nelius lost and was ordered to pay the City $7,500 in attorney's fees. The City of Houston is the holder of a judgment against Nelius in the amount of $7,500.

The record shows that Nelius on September 11, 1984, received a letter from Jerry E. Smith, the City of Houston Attorney, stating that if the $7,500 was not paid within ten days, the City Controller would begin deducting "a reasonable amount" from Nelius' paychecks to satisfy the debt. One month later the City of Houston Controller, Lance Lalor, sent an inter-office memorandum to Nelius to inform him that Lalor intended to withhold Nelius' paycheck for the pay period ending October 12, 1984. On October 19, 1984, Nelius learned that his paycheck was withheld by the controller. Nelius filed a petition for an injunction on November 21, 1984. In the petition he stated that the City continued to withhold his paychecks. A hearing was held on November 30, 1984. The order for a temporary injunction was entered on December 3, 1984. In the order granting the temporary injunction the trial judge found that:

[T]he Defendants have engaged in unlawful and wrongful conduct by garnishing Plaintiff's wages, which results in irreparable and immediate injury by depriving Plaintiff of his means of livelihood and ability to care and provide for his family, and will continue to do so unless restrained...

It is therefore ordered that the clerk of this Court issue a writ of injunction pending final hearing and determination of this cause restraining and enjoining the CITY OF HOUSTON, its agents, servants and employees, from withholding all or any portion of Plaintiff's paychecks or current wages for personal service as a Houston Police Officer and furthermore that Defendants immediately remit to Plaintiff the total amount of all sums

that have been wrongfully withheld since October 19, 1984.

The trial judge has broad discretion in granting or refusing a temporary injunction, and his judgment on appeal will not be overturned unless the record discloses a clear abuse of discretion. *City of Spring Valley v. Southwestern Bell Telephone Co.*, 484 S.W.2d 579 (Tex.1972); *Parks v. U.S. Home Corp.*, 652 S.W.2d 479 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd).

The City argues that the matter heard by the trial court was not a garnishment of wages. It argues that it was a contractual dispute between an employer who owed wages to an employee and an employee who owed the employer a legally enforceable debt which he refused to pay.

A variety of constitutional and statutory provisions protect current wages from seizure in satisfaction of a debt. Tex. Const. art. XVI, § 28. states:

No current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments.

Tex.Prop.Code, sec. 42.001(a) (Vernon 1984) provides:

Eligible personal property ... is exempt from attachment, execution, and seizure for the satisfaction of debts, except for encumbrances properly fixed on the property.

Tex.Prop.Code, § 42.002 (Vernon 1984) defines that property which is eligible for the exemption:

The following personal property is eligible for the exemption:

.   .   .   .   .

(8) current wages for personal services.

In *Benton v. Wilmer-Hutchins Independent School District.*, 662 S.W.2d 696 (Tex. App.—Dallas 1983, writ dism'd) a school district, the creditor, attempted to deduct from current salaries of teachers certain overpayments which the District had allegedly made in error. The court found that this practice constituted withholding paychecks in satisfaction of a debt and was

illegal. Speaking of the property statute the court said: "[The] statute was intended to express the legislative intent that current wages should not be subject to debts in any way without the consent of the debtor ..." 662 S.W.2d at 699. The court did not approve of the withholding of the paychecks:

Although the district may be correct in contending that its actions cannot be technically described as either a garnishment or an attachment, the asserted remedy of self-help is even more strongly opposed to the policy underlying this limitation of judicial remedies, since it is not subject to similar judicial safeguards. A creditor, such as the district claims to be, should not be permitted to resort to self-help to impound current wages that are not subject to garnishment.

662 S.W.2d at 699. We adopt the reasoning of the *Benton* court and hold that appellant will not be permitted to resort to this type of self-help.

The City argues that a contract existed between the parties. The City claims that Art. VIII, Section 3 of the City of Houston Charter and Code of Ordinances of the City, Section 2–111(b) are incorporated into this contract. We will not allow a contract to be implied so as to circumvent a constitutional provision.

The City also argues that Art. VIII, Section 3 of the City Charter and Section 2–111(b) of the City Code of Ordinances mandate the withholding of payments to any person indebted to the City until the debt owing to the City is paid. The referenced Charter provides:

No warrant or order shall ever be issued in favor of any person or corporation, or to the assignee or agent of any person indebted in any manner for taxes or otherwise to the City, unless such debt so due and owing to the City be paid.

The Code of Ordinances, in accord with the Charter, provides:

It shall be the duty of the City Controller to ascertain from the City Assessor and Collector of Taxes whether or not any

person collecting money from the City is indebted to the City for taxes or any other way and if it is ascertained that such person is indebted to the City for taxes or any other way, it shall be the duty of the City Controller to report same to the Mayor and she shall withhold the payment of the claim until the person legally entitled to collect the same has paid the taxes or any other debt due to the City.

These above provisions are clearly in conflict with the constitutional provisions. We will not permit a constitutional guarantee to be circumvented, even by a city charter.

Clearly, the trial judge was correct in finding that the City's actions constituted garnishment of wages. We find that she did not abuse her discretion. While we affirm the trial court's action in issuing the temporary injunction, we find nothing in the order to indicate that a preferential trial setting was granted for trial of this case on the merits pursuant to Tex.R.Civ.P. 683. If a date has not been set, we are sure that the trial judge will immediately set a date for the trial.

Accordingly, the order of the trial court is affirmed.