**INTERFIRST BANK SAN FELIPE, N.A., Appellant,**

v.

**PAZ CONSTRUCTION COMPANY, et al., Appellees.**

**No. B14–85–517–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 20, 1986.

Rehearing Denied May 1, 1986.

Jerry L. Schutza, Axelrod, Smith, Komiss & Kirshbaum, Houston, for appellant.

W. Briscoe Swan, Leon S. Hirsch, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from an order granting a temporary injunction which enjoins appellant, Interfirst Bank San Felipe, from foreclosing a Deed of Trust lien securing payment of a promissory note. In three points of error appellant complains that the trial court erred in granting the temporary injunction on the grounds that: (1) the oral agreement to extend the loan is unenforceable because it was not supported by consideration; (2) an oral agreement to fund a real estate loan is barred by the Statute of Frauds; and (3) the order granting the temporary injunction is void because it does not include an order setting the cause for a trial on the merits. We affirm.

On January 15, 1983, appellee executed a promissory note payable to the order of appellant, Interfirst Bank. The note was in the principal sum of $320,000.00, and was secured by a Deed of Trust lien against real property in Harris County. The original maturity date of the loan was July 15, 1983, but it is undisputed that this maturity date was extended by mutual agreement of the parties on four separate occasions, the final agreed maturity date being October 15, 1984. Appellees contend that prior to the October 15 maturity date, an oral agreement was reached to extend the note a fifth time for an additional three year term with interest at ten percent per annum with no prepayment penalty. Papers were drawn to evidence the oral agreement; however, appellees refused to sign the extension documents claiming that they were not in accord with their oral agreement. Appellant thereafter posted the property for foreclosure in May of 1985. Appellees sued to enjoin the foreclosure sale, and were granted a temporary injunction pending a trial on the merits.

The law is clear that a trial judge has broad discretion in granting or refusing a temporary injunction, and his judgment on appeal will not be overturned

absent a showing of clear abuse of discretion. *City of Spring Valley v. Southwestern Bell Telephone Co.,* 484 S.W.2d 579 (Tex.1972); *Karamchandani v. Ground Technology, Inc.,* 678 S.W.2d 580 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd w.o.j.). The purpose of issuing an injunction is to deter, not to punish, and to prevent imminent harm. *David McDavid Pontiac, Inc., v. Nix,* 681 S.W.2d 831, 839 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Furthermore, temporary injunctions are issued in order to preserve the status quo of the parties pending a final trial on the merits. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *Fairfield v. Stonehenge Association,* 678 S.W.2d 608, 610 (Tex.App.—Houston [14th Dist.] 1984, no writ). In this connection we emphasize that the merits of the underlying cause are not presented for appellate review. *Fairfield v. Stonehenge Association,* 678 S.W. 2d at 612. Accordingly, it is clear that our review is limited to the issue of whether the trial court abused its discretion in issuing the injunction, and in so doing we cannot substitute our judgment for that of the trial court. *Texas Foundries v. International Molders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 463 (1952).

In view of the foregoing we will address the contentions raised in appellant's first two points of error wherein appellant complains that: (a) the oral agreement to extend the maturity date of the loan is unenforceable as a matter of law because the agreement is not supported by consideration; and (b) an oral agreement to extend or fund a real estate loan is barred by the Statute of Frauds.

We have reviewed the record in this cause and are unable to find that the trial court abused its discretion in granting the temporary injunction. In this connection we note that there are allegations in appellees' petition which were further developed at the injunction hearing, which if true, could estop appellant Interfirst Bank from raising the defensive issues of failure of consideration and Statute of Frauds. Appellees allege that an oral agreement was reached with a Mr. Kass to fund a loan of

$320,000.00 which appellees would use to satisfy their indebtedness to appellant Interfirst Bank. Appellees further allege that they did not make the loan with Kass because of the subsequent negotiations with appellant Interfirst Bank concerning the fifth loan extension discussed above. Specifically appellees contend that because the terms with appellant Interfirst under the fifth extension agreement were allegedly more favorable, appellees allege that they turned down Kass' loan offer in reliance on appellant's promise to extend the note a fifth time. They further assert that the loan from Kass was not later available as Kass had otherwise invested the funds.

■ We agree with appellant that the general rule requires that to be enforceable, an *oral* extension agreement must be supported by valid consideration and must be for a definite period during which the maker binds himself not to make payment and the payee forbears his right to bring suit. *Mizell Construction Co. & Truck Line, Inc. v. Mack Trucks, Inc.,* 345 S.W.2d 835, 837–38 (Tex.Civ.App.—Houston 1961, no writ). However in *Mizell* cited above, the court of civil appeals reversed a summary judgment and remanded the cause for a trial on the merits because despite *the lack of* a definite agreement of extension supported by valid consideration, there were allegations in the record which, if true, would estop appellee from recovering. Finding that genuine issues of fact were raised by appellant's allegations with respect to estoppel, the court of civil appeals reversed the judgment of the trial court and remanded for a trial on the merits. *Mizell, supra,* at 837–38; *See also "Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936 (Tex.1972).

■ Appellant Interfirst denotes *Mizell* as a case "closely in point to the present case" and, ironically, we agree—to its detriment. Under *Mizell,* and in view of the record in this cause, we cannot say that the trial court abused its discretion in issuing a temporary injunction pending a trial on the merits which would fully develop the issue of whether appellant's Statute of Frauds

and failure of consideration defenses are overcome by appellees' defensive theory of promissory estoppel. We quote with approval the following articulation of the purpose and effect of the promissory estoppel doctrine:

> This [promissory estoppel] does not create a contract where none existed before, but only prevents a party from insisting upon his strict legal rights when it would be unjust to allow him to enforce them.... The function of the doctrine of promissory estoppel is, under our view, defensive in that it estops a promisor from denying the enforceability of a promise.

*"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex.1972) *citing Wheeler v. White*, 398 S.W.2d 93, 96 (Tex.1965). Appellant's first two points of error are overruled.

■ In its third point of error appellant complains that the order granting the temporary injunction is void because it does not include an order setting the cause for a trial on the merits. It is clear that Rule 683 of the Rules of Civil Procedure requires that each order granting a temporary injunction shall include an order setting the cause for trial on the merits. It is undisputed that the order in the present cause does not set the matter for a trial on the merits. We do not believe, however, that this mandates a dissolution of the injunction. We are confident that the trial judge will immediately set a date for a trial on the merits in accord with Rule 683. *See, e.g., City of Houston v. Nelius*, 693 S.W.2d 567, 570 (Tex.App.—Houston [14th Dist.] 1985, writ dism'd w.o.j.).

Accordingly, the order of the trial court is affirmed.

PAUL PRESSLER, Justice, dissenting.

Finding myself in disagreement with the other members of the court, I would like to record my respectful dissent. In its third point of error, appellant argues that the temporary injunction is void because it does not include an order setting the cause for a

trial on the merits. I would sustain appellant's third point.

TEX.R.CIV.P. 683 provides in part:

> Every order granting a temporary injunction *shall* include an order setting the cause for trial on the merits with respect to the ultimate relief sought.... (emphasis added).

The requirements of Rule 683 are mandatory and must be strictly followed. When a temporary injunction order does not adhere to the requirements of Rule 683, there is a presumption that the trial court abused its discretion and the injunction must be dissolved. *See Crouch v. Crouch*, 164 S.W.2d 35 (Tex.Civ.App.—Waco 1942, no writ); *University Interscholastic League v. Torres*, 616 S.W.2d 355 (Tex.Civ.App.—San Antonio 1981, no writ); *Smith v. Hamby*, 609 S.W.2d 866 (Tex.Civ.App.—Fort Worth 1980, no writ).

Here the temporary injunction order did not set the cause for a trial on the merits. Regardless of the merits of the temporary injunction, it must be dissolved because the appellant has been denied its statutory right to have a specific trial date set.