Joseph W. TREVINO, Appellant,

v.

The BOARD OF TRUSTEES OF WEST OSO INDEPENDENT SCHOOL DISTRICT, and Ronald Rowell, in his Official Capacity, Appellees.

No. 13–89–393–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 18, 1990.

Rehearing Overruled Feb. 15, 1990.

Richard L. Arnett, Brim & Arnett, Austin, for appellant.

Laura S. Groce, William M. Buechler, Roger D. Hepworth, Henslee, Ryan & Groce, Austin, for appellees.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

OPINION

NYE, Chief Justice.

Joseph Trevino appeals the denial a temporary injunction against the Board of Trustees of the West Oso Independent School District in which he requested the district be enjoined from assigning him teaching duties not related to his contractual position. We affirm the judgment of the trial court.

Joseph Trevino was employed by the school district as Athletic Director/Head Football Coach. During the 1988–1989 school year, Trevino performed his duties as athletic director during five class periods a day and began his coaching duties at 3:30 p.m. each day. He taught no classes during this period of time. However, during the 1989–1990 school year, the district proposed that appellant teach two history classes per day, perform duties as athletic director during three periods a day and begin coaching at 3:30 p.m. The evidence was that the district was in a financial crisis, had already eliminated eight staff positions and had assigned additional duties to other administrators. There was also evidence that appellant was to receive the largest pay increase of any one in the district for the school year. Nevertheless, appellant brought suit alleging primarily

that the district was threatening to breach his contract by assigning additional duties and that the reassignment provision in his contract was a contract of adhesion. Initially he sought injunctive relief, claiming that he would be irreparably harmed by being required to perform more than one job under a contract that called for only one job; without injunctive relief, he contends that he would risk termination of his contract if he refused the assignment and at the same time risk a poor start to the football season with attendant irreparable harm to his professional reputation if he was required to perform more than one job. The trial court denied the injunctive relief.

■■■ A trial court has broad discretion to grant or deny injunctive relief. *City of Spring Valley v. Southwestern Bell Telephone Co.*, 484 S.W.2d 579 (Tex.1972). In our review of the denial of a temporary injunction, we determine only whether or not the trial court abused its discretion. *Davis v. Huey* 571 S.W.2d 859, 862 (Tex. 1978). To warrant issuance of a temporary injunction, an applicant must show a probable right to recover and probable injury. *State v. Southwestern Bell Telephone Co.* 526 S.W.2d 526, 528 (Tex.1975).

■■ Here, appellant's contract contained the following provisions:

1. The Board shall pay the Employee an annual salary according to the salary schedule adopted by the State and local increment on a yearly basis, if any. The Employee's salary includes consideration for any additional, responsibilities, tasks, and transfers, except as provided in the District supplemental duty schedule.

\* \* \* \* \* \*

3. Employee shall be subject to assignment and reassignment of positions or duties, additional duties, changes in responsibilities or work, transfers, or reclassification at any time during the contract term.

The record shows that appellant was not reassigned under his contract. He remains the athletic director/head football coach. He was only assigned additional duties, which were authorized under his contract

of employment. As such, appellant has not shown a probable right of recovery against the school district on his breach of contract claim.

There was no abuse of discretion in the trial court's failure to grant the temporary injunction. Points one and two are overruled.

The judgment of the trial court is affirmed.