ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 8, 2003

The Honorable Will Hartnett
Chair, Committee on Judicial Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0115

Re: Liability for improper payment of the attorney's fees of a non-prevailing party; clarification of Attorney General Opinion GA-0062 (2003) (RQ-0073-GA)

Dear Representative Hartnett:

You have asked this office questions concerning the possible liability of certain individuals for, or recoupment of, public funds whose expenditure a prior attorney general opinion found to violate article III, section 52(a) of the Texas Constitution. Your request letter describes these questions as a "follow-up to Opinion GA-0062."[1]

Attorney General Opinion GA-0062, originally requested by your predecessor as chair of the Committee on Judicial Affairs, concerned a school district that spent public funds to pay the legal fees of an employee who unsuccessfully sued the district. *See* Tex. Att'y Gen. Op. No. GA-0062 (2003). Assuming that state of affairs as represented by your predecessor, we wrote that such a situation was

> one in which the school district, having won the lawsuit, has no obligation to the employee, and the employee no claim on the district. No argument has been presented that such a payment serves a public purpose, and we know of none. Accordingly, the payment of any sum as legal fees for the employee is a direct violation of article III, section 52(a) of the Texas Constitution.

*Id.* at 2.

In light of our conclusion in Opinion GA-0062, you ask two further questions. Presuming the impropriety of the payment of the legal fees, you ask (1) whether the school trustees are "individually liable to the district for the wrongful payment," and (2) whether the district may "withhold the wrongful payment from the non-prevailing employee's wages or salary." Request Letter, *supra* note 1, at 1.

---

[1]Letter from Honorable Will Hartnett, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (May 17, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

It must be noted as a preliminary matter that an attorney general opinion is not a judgment by a court of competent jurisdiction. Although attorney general opinions "are persuasive, they are not binding on the courts." *Comm'rs Ct. of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997); *see also White v. Eastland County*, 12 S.W.3d 97, 101 (Tex. App.–Eastland 1999, no pet.) (attorney general opinions "are entitled to careful consideration," but are "not binding on the courts"). Accordingly, while it remains the view of this office that a payment of the sort discussed in Opinion GA-0062 violates article III, section 52(a), that opinion is not a court judgment that imposes liability on any party.

If litigation occurs on the matter at hand, the answer to your first question as to the potential liability of the trustees for a wrongful payment would depend on the applicability of the doctrine of official immunity. "This immunity stems from the public policy which encourages public officers and employees to perform their duties without fear of personal liability." *Alamo Workforce Dev., Inc. v. Vann*, 21 S.W.3d 428, 434 (Tex. App.–San Antonio 2000, no pet.). The elements of an official immunity defense are that officials receive such immunity if they perform "(1) discretionary duties (2) in good faith as long as they are (3) acting within the scope of their authority." *Id.* The element of good faith requires proof that "a reasonably prudent official, under the same or similar circumstances, could have believed that his or her actions were justified." *Id.* The defense "can be established as a matter of law when the official's factual recitation is otherwise supported by the evidence . . . [or] if reasonable minds could not differ from the conclusion drawn from the underlying facts." *Id.* at 434-35. Given that we cannot find facts in the opinion process, *see* Tex. Att'y Gen. Op. No. GA-0087 (2003) at 1, we cannot determine in any particular instance whether the elements of a defense of official immunity have been met. But unless a court found that discretionary action taken in the scope of a public servant's duties was not taken in good faith, such a public servant would not be personally liable for damages alleged to have been caused by that action.

Your second question is whether the district may withhold moneys from the salary of the employee who brought the whistle-blower suit. *See* Request Letter, *supra* note 1, at 1. You do not indicate that there has been any court judgment establishing that the employee is indebted to the district on account of the board's action.

In *Benton v. Wilmer-Hutchins Indep. Sch. Dist.*, 662 S.W.2d 696 (Tex. App.–Dallas 1983, writ dism'd), *disapproved on other grounds by Orange County v. Ware*, 819 S.W.2d 472 (Tex. 1991), the question presented was whether a school district could deduct from employees' paychecks amounts it asserted had in the past been overpaid. The court of appeals found that the district could not do so, on the basis of "the common-law rule that mutual debts do not extinguish each other in the absence of agreement or judicial action." *Benton*, 662 S.W.2d at 698. Accordingly, the court held that "in the absence of such an agreement or consent, a debtor, such as the district, has no right to withhold payment of an amount otherwise lawfully due on a contract by offsetting an unrelated claim against his creditor." *Id.*

While the Texas Supreme Court, in *Orange County v. Ware*, disapproved dicta in *Benton* that compared the proposed offsetting to a garnishment of wages that would be impermissible under article XVI, section 28 of the Texas Constitution, *see Ware*, 819 S.W.2d at 474, nothing in *Ware* affects the common-law principle articulated by *Benton*. *Ware* concerned a statute that forbade the county to issue warrants to Ware, a newly elected county commissioner against whom the county

had a number of bail bond forfeiture judgments.  While there was some question as to the precise amount Ware owed Orange County, his debt was not in dispute.  *See id.* at 475.  The sole question in *Ware* was whether a particular statute allowing certain offsets violated the Texas Constitution, not the common law.  The supreme court made the distinction quite clear:  "The law may restrict the right of offset, as *Benton* notes, but the Constitution does not."  *Id.* at 474.

In this instance, however, there is apparently neither an agreement between the employee and the district, nor a judgment of any kind against the employee.  We note again that Opinion GA-0062 is not a court judgment, and that it in no way constitutes or evidences a debt due and owing to the district by the employee.  Absent either an agreement on the part of the employee or a judgment in the district's favor against the employee, the district may not attempt to recoup the payment in question from the employee's wages.

The Honorable Will Hartnett - Page 4 (GA-0115)

## S U M M A R Y

Whether members of a board of trustees of an independent school district may be personally liable for damages caused by a discretionary decision made in their official capacities will depend upon whether a court finds that the decision in question was made in good faith. Absent an agreement or judicial action, a school district may not withhold purported damages from an employee's salary. Attorney general opinions are advisory in nature and are not binding on a court.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee