

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00775-CV

**OIS INVESTMENTS INC.**,
Appellant

v.

**AAA FREE MOVE MINISTORAGE, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 377499
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  October 2, 2013

AFFIRMED

Over the past three years, the landlord/tenant dispute between these parties has given rise to two forcible detainer proceedings, one declaratory judgment action, and one still-pending appeal to this court. This is an appeal from the second forcible detainer proceeding, which resulted in a judgment in favor of appellee, AAA Free Move Ministorage, LLC ("AAA"). We affirm.

### BACKGROUND

Appellant, Official Inspection Station, Inc. ("OIS"), is the lessee under a ground lease with previous owners of the premises. In August 2009, AAA purchased the property, and in September

2009, notified OIS it was terminating the lease with six months' notice. Before expiration of the six months, in February 2010, OIS filed a declaratory judgment action against AAA in district court, asking the court to construe the rental agreement and declare that AAA did not have the right to terminate the lease on six months' notice and that OIS was properly in possession of the property.[1] When AAA refused to accept any rental payments based on its claim that the lease had been terminated, OIS voluntarily paid the rent each month, from March 2010 through January 2011, into the court's registry, for a total of $8,400.00. In its petition, OIS alleged as follows:

> Since February 1, 2010, [OIS] has attempted to pay the monthly rental under the [ground lease] Agreement to [AAA] for [OIS's] occupation of the premises. [AAA] has refused to accept [OIS's] checks, claiming that since the lease has terminated, it will not accept any rental from [OIS]. Therefore, during the pendency of this cause, [OIS] will tender all monthly rent monies in the amount of $700.00 each into the Registry of the Court pending Order of the Court concerning disbursement of the accumulated funds.

In March 2010, while the declaratory judgment action was still pending, AAA filed a "Complaint for Eviction" against OIS in the justice of the peace court because OIS refused to vacate the property. The court later entered a take-nothing judgment against AAA. AAA appealed to county court, and following a trial de novo, the county court rendered a take-nothing judgment against AAA, awarding OIS attorney's fees and costs in the amount of $13,362.12. This judgment became final, with no further appeals. With its favorable county court judgment in hand, OIS stopped making payments into the court's registry beginning in February 2011. Instead, OIS "credited" AAA on OIS's books with the judgment AAA owed to OIS against the amount of the rent OIS owed AAA, reducing the amount AAA owed under the county court judgment to

---

[1] In this action, OIS pointed to a copy of the "Modification & Extension of Ground Lease Agreement" that allowed for additional terms through July 31, 2017, which option OIS exercised. AAA based its notice of termination on a copy of the ground lease agreement given it by the previous owner that contained a handwritten interlineation allowing the landlord to terminate the lease upon six months' notice.

$1,462.00. However, OIS did not notify AAA about the "credit" or otherwise inform AAA it had stopped making payments into the court's registry.

Meanwhile, in July 2011, in the declaratory judgment action, the district court rendered summary judgment in favor of OIS, and awarded OIS $13,384.44 in attorney's fees and costs. AAA appealed, and a panel of this court reversed and remanded. *See AAA Free Move Mini Storage, LLC v. OIS Inv., Inc.*, 04-11-00849-CV, 2012 WL 5874320 (Tex. App.—San Antonio Nov. 21, 2012, n. pet. h.).[2]

While the above appeal was pending, in April 2012, AAA filed an "Original Petition for Forcible Detainer" against OIS in the justice of the peace court asking for past due rent in the amount of $9,800.00 and that OIS be evicted. The justice of the peace court entered an order in favor of AAA for past due rent in the amount of $9,800.00 and issued a writ of possession. OIS appealed to county court, and following a trial de novo, the court entered a judgment of eviction in favor of AAA on August 20, 2012. In this judgment, the trial court determined OIS stopped paying rent in February 2011 and the lease went into default for non-payment of rent beginning in March 2011, and ordered that AAA recover $11,900.00, plus attorney's fees in the amount of $4,500.00 and costs. The court also found that OIS had a "valid and subsisting judgment against" AAA in the amount of $13,362.12 (plus $1,186.00 in interest) and that the two judgments could be offset. The trial court ordered that AAA recover possession of the premises, and OIS recover the net amount of its judgment in the amount of $1,851.88. OIS appeals from this judgment, specifically challenging three trial court conclusions that formed the basis of the court's judgment: (1) OIS's "hoped offset failed because it was neither agreed to by [AAA] or ordered through [the] Court nor otherwise supported by statutes and case law," (2) "there was no Court Order related to

---

[2] On March 6, 2013, this court granted OIS's motion for reconsideration en banc. The appeal has been submitted to the en banc court.

any attempt to offset monies owed to [OIS] by [AAA]," and (3) "there was no reason in law to allow unilateral monies owed to [OIS] by [AAA] in a prior case." In a single issue on appeal, OIS asserts it was entitled to use its judgment against AAA to offset the $11,900.00 in rent it owed to AAA and, therefore, because no rent was due to AAA, eviction based on non-payment of rent was improper.

## DISCUSSION

There is no dispute that OIS stopped making rental payments into the court registry in February 2011. Although the parties dispute whether AAA could unilaterally terminate the lease upon six months' notice, no party disputes that an event of default under the lease is a failure to pay the rent when due, and upon such default, the lessor was entitled to possession of the property and to recovery of any sum or sums then due and payable to lessor. Thus, AAA was entitled to file a forcible entry and detainer suit to determine the right of possession to the property. In an eviction suit, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746; *see Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) (justice court is limited to deciding right to immediate possession).

There also is no dispute that, generally and with exceptions not applicable here, a tenant is entitled to offset a debt owed by the landlord to the tenant against the landlord's claim for rent owed by the tenant. *Marlow v. Medlin*, 558 S.W.2d 933, 938 (Tex. Civ. App.—Waco 1977, no writ). Here, for the purpose of determining the right to actual possession, the lower court by necessity had to first determine whether OIS was in default under the lease and this, in turn, required a determination of whether OIS was entitled to use its county court judgment to offset the rental payments as they came due rather than continue to deposit the payments into the court's registry. The trial court concluded OIS was in default because it did not have the right to unilaterally "credit" the judgment against the rental payments. The narrow issue here is whether

- 4 -

the trial court should have recognized OIS's use of its county court judgment as a credit against OIS's ongoing rental obligations.

The purpose of offset is to adjust the demands between the parties and allow a recovery of only the balance that is due. *CPS Int'l, Inc. v. Harris & Westmoreland*, 784 S.W.2d 538, 544 (Tex. App.—Texarkana 1990, no writ). To offset one obligation against another, mutuality must exist. *FDIC v. Projects Am. Corp.*, 828 S.W.2d 771, 772 (Tex. App.—Texarkana 1992, writ denied); *see also Turner Bros. Trucking Co. v. Comm'r of Ins.*, 912 S.W.2d 386, 392 (Tex. App.—Austin 1995, no writ). Mutuality of obligation exists when debts are owing between the same parties standing in the same capacities. *Id.* For mutuality of obligation to exist, the debts must be such that the party asserting offset could maintain an action on that debt while the other party could claim its cause of action in that suit as an offset. *Projects Am. Corp.*, 828 S.W.2d at 773; *Turner Bros.*, 912 S.W.2d at 392. In this case, OIS asserts the claims of indebtedness involve the same parties and the claims arose from a dispute over the interpretation of the same lease; therefore, mutuality exists.

However, AAA relies on *Benton v. Wilmer-Hutchins ISD*, 662 S.W.2d 696 (Tex. App.—Dallas 1983, writ dism'd), for its argument that mutual debts cannot be offset in the absence of agreement or a court order. In *Benton*, the court held that the school district had no right to deduct from teachers' salaries amounts claimed as overpayments to those teachers from previous years. The court noted that the district's actions were "contrary to the common-law rule that mutual debts do not extinguish each other in the absence of agreement or judicial action." *Id.* at 698. However, this statement was based on the court's reasoning that the district had "no right to withhold payment of an amount otherwise lawfully due on a contract by offsetting an unrelated claim against his creditor and thus put the creditor to the burden of filing a suit and proving the invalidity of the unrelated claim." *Id.* (emphasis added). We believe AAA's reliance on *Benton* is misplaced

because the court's holding was based on whether the claims were related. Although the *Benton* court did not describe a standard for determining when claims are "related" for the purposes of offset, it is clear its reasoning is consistent with the mutuality of obligation standard.

None of the cases relied upon by either party addresses the narrow issue presented in this appeal. Therefore, we return to the law governing forcible detainer actions and what the record revealed in the underlying trial. In an eviction suit, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. AAA's right to actual possession was based on its allegation that OIS defaulted under the lease based on non-payment of rent. The lease agreement required that "[a]ll installments of rent hereunder, when and as the same become due and payable, shall be paid in lawful money of the United States at the time to Lessor . . . at such other location as Lessor may designate hereafter." At trial, AAA admitted it refused to accept OIS's rental payments based on its belief that the lease had been terminated. Because termination of the lease was subject to litigation, OIS paid the rent into the court's registry and AAA, as lessor, did not object to OIS paying the rent to this "other location." OIS admitted at trial that it did not inform AAA when it stopped paying rent into the court registry beginning in March 2011 or that it was applying its county court judgment to rental payments beginning in March 2011. The trial court also heard evidence that AAA believed, based OIS's July 21, 2011 petition in the declaratory judgment action, that rent was still being paid into the court registry at least as of that date, and AAA did not discover that the last rent payment into the registry was in February 2011 when it requested a "Case Activity" report from the Bexar County District Clerk's Office sometime prior to filing their second forcible detainer suit in April 2012.

## CONCLUSION

We conclude the lease agreement requiring rental payments be made to the lessor at the address designated by the lessor provides a basis for the trial court's conclusions that OIS's offset

failed, in part, because there was no agreement by AAA to allow payment at a location different from the court registry and that "there was no reason in law to allow unilateral offset of monies . . . ." We also conclude that, based on the evidence at trial, the trial court did not err in concluding OIS was in default under the lease because it did not continue paying rent into the court registry. Accordingly, we overrule OIS's issue on appeal, and affirm the trial court's judgment.

Sandee Bryan Marion, Justice